343 So.2d 927 (1977)
Alan A. LIPTON, Appellant,
v.
SOUTHEAST FIRST NATIONAL BANK OF MIAMI, Appellee.
No. 76-390.
District Court of Appeal of Florida, Third District.
March 15, 1977.
Quinton, Leib & Lummus and James D. Adams, Miami, for appellant.
Friedman & Britton and J.T. Haley, Miami, for appellee.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by one of the defendants below from an adverse summary judgment. The appellee bank filed an action against the appellant and Francesca Lipton and Francesca International, Inc. Thereby the plaintiff sought recovery against the corporation on a promissory note alleged to have been made and delivered to it by the corporation; and to recover from Alan A. Lipton and Francesca Lipton on a written guarantee thereof alleged to have been executed and delivered by them to the bank; and on a promissory note alleged to have been made and delivered to the bank by Alan Lipton and Francesca Lipton.
The answers of the defendants denied the allegations of the complaint, but did not contain any specific denial of the signatures on the instruments sued upon. Section 673.307(1) Florida Statutes 1975, provides: "Unless specifically denied in the pleadings each signature on an instrument is admitted".
On motion of the plaintiff bank for summary judgment, supported by the instruments and an affidavit showing the bank to be the holder of the instruments and showing the amounts in default, and an affidavit as to reasonable attorney's fees, summary *928 judgment was entered in favor of the plaintiff against the defendants as sought in the complaint.
Appealing therefrom Alan Lipton contends the evidence presented by the plaintiff in support of the motion for summary judgment did not establish that Alan Lipton signed the guarantee and the promissory note upon which his name appeared as the maker, and on the basis of which recovery was sought against him. That contention is without merit. No extended discussion is necessary. Since the defensive pleadings did not specifically deny Lipton's signatures on the instruments, his signatures thereon were admitted by virtue of the above cited and quoted statutory provision, and no issue was presented thereon.
Affirmed.