**CONTES v. ZANZARELLA.**

No. 77-839 SPW.

County Court, Broward County.

October 12, 1977.

Richard C. Roarke, Sunrise, for the plaintiff.

Robert S. Zippin of Michelson, Zippin & White, Fort Lauderdale, for the defendant.

HARRY GULKIN, County Court Judge.

*Final judgment:* This matter was tried by the court on October 5, 1977. The court, having considered the testimony of the parties and the arguments of counsel, makes the following determinations of fact and conclusions of law —

1. That on or about February 16, 1977 the defendant, Anthony Zanzarella, signed a promisory note for $1,500 which was payable to the plaintiff, William N. Contes. Said note met the requirements set forth in Florida Statute 673.104 (1) (a) (b) (c) and Florida Statute 673.104(2) (d), Uniform Commercial Code - Commercial Paper.

2. That the original note was not presented at trial because it either was "lost or stolen" (as testified to by the plaintiff) or "ripped up" by the defendant (as testified to by the defendant). In any event, the only written document still existing and which was submitted to the court is a typed carbon copy of the original note.

3. That the defendant did not *specifically* deny, in the pleadings, his signature. Accordingly, the signature is presumed to be genuine, and the signature is deemed admitted as the signature of the defendant, Anthony Zanzarella. *Lipton v. Southeast First Nat. Bank of Miami,* 343 So.2d 927 (Fla. 3rd DCA 1977); Florida Statute 673.307 (1)(a)(b).

4. That the holder of the note, the plaintiff, would be entitled to recover on said note upon "production of the *instrument*" unless the defendant established a defense. Florida Statute 673.307 (2). (Emphasis added.)

5. That the defendant has raised three defenses to this action —

A. The carbon copy is not admissible because it is not the best evidence as provided in Section 90.953, "Florida Evidence Code," Chapter 76-237, Laws of Florida (1976).

B. The defendant has been discharged from liability on the note because he had reacquired the note (instrument) in his own right. Florida Statute 763.601 (3)(a).

C. The plaintiff failed to file a petition in circuit court as set forth in Florida Statute 71.06 to establish the existence of the note.

6. That the first defense is without merit because the effective date of the "Florida Evidence Code" was delayed until July 1, 1978, by virtue of Chapter 77-77, Laws of Florida (1977).

7. That the defendant has failed to prove, by a preponderance of the evidence, that he "reacquired" the instrument in his own right.

8. That the plaintiff has proven, by a preponderance of the evidence, that he was the owner of the note, despite the fact that the note was lost, stolen or destroyed. Florida Statute 673.804 (Uniform Commercial Code-Commercial Paper); 4A Fla. Jur., *Bills, Notes, Etc., Section* 53.

Based on the aforesaid it is therefore ordered and adjudged that the defendant's objection to the typed carbon copy of the original note being admitted into evidence is overruled.

80

It is further ordered and adjudged that the plaintiff, William N. Contes, do have and recover from the defendant, Anthony Zanzarella, the amount of $1,075, plus costs in the amount of $25.50, for which let execution issue.

It is further ordered and adjudged that the demand for reasonable attorney's fees is deferred until such time as the appropriate affidavits can be submitted in support of said demand.