473 So.2d 1322 (1985)
David Joseph LEE, William Lee, His Father, Individually, and Marion Lee, His Mother, Individually, Appellants,
v.
SOUTH BROWARD Hospital District D/B/a Memorial Hospital; et al., Appellees.
No. 84-1277.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
Order Modified July 9, 1985.
*1323 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellants.
Valerie Shea and Rex Conrad of Conrad, Scherer & James, Fort Lauderdale, for appellees.
LETTS, Judge.
This appeal arises from a medical malpractice action filed in 1980 against various doctors, a nurse, the South Broward Hospital District and others. The two issues here considered concern only the Hospital District.
As to the first point, the issue is whether this particular hospital taxing district is "primarily acting" as a state agency and, therefore, comes within the purview of the waiver of sovereign immunity under Section 768.28, Florida Statutes (Supp. 1980). The trial court held the waiver did apply and we must agree because another panel of this court in the last month ruled in North Broward Hospital District v. Eldred, 466 So.2d 1210 (Fla. 1985), that such hospitals are in fact primarily acting as instrumentalities or agencies of the state and consequently Section 768.28, Florida Statutes (Supp. 1980) does apply.
Turning next to the second point on appeal concerning notice prior to filing suit, Section 768.28(6), Florida Statutes (Supp. 1980) provided:
(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.[1]
Pursuant to this section, the trial court dismissed the suit with prejudice predicated on failure to comply with the notice provisions of the statute.
Essentially, a claim must be presented in writing to the appropriate agency and also to the Department of Insurance (1) within three years after such claim accrues and (2) prior to the institution of any law suit. In the instant case, the notice requirement was not adhered to prior to the institution of the suit, but in fact was filed shortly after it. However, there was no allegation that the notice requirement had been met in any of the pleadings filed until after the statute of limitations had run, though, as *1324 we have said, the actual notice had in fact been given well within the statutory period.
A literal reading of the statute would suggest that the notice, and the pleadings depended upon, were filed too late. Nevertheless, any doubts have been clearly put to rest by the Supreme Court in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), in which the court said in part:
[C]ompliance with that subsection of the statute is clearly a condition precedent to maintaining a suit.... Consequently, the performance of the condition should be alleged in the complaint in accordance with Florida Rules of Civil Procedure 1.120(C)... . Nonetheless, failure of the pleadings in this regard does not call for dismissal with prejudice. In view of our holdings herein, the third-party complaint in each case should have been dismissed with leave to amend.
Though the circumstances attendant in Commercial Carrier are not on all fours with those of the case now before us, we see no reason why the same principle should not apply here as to both the failure to plead the notice requirement, and the failure to give the notice, prior to filing suit. Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984). We distinguish this case from Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), because in Levine no notice was ever given within the required three year statutory period. Here, notice was given within the three year period, even though it was given after filing suit.
We, therefore, deem the trial court to have been in error in dismissing the pertinent amended complaint with prejudice and we remand this cause to the trial court for further proceedings.
REVERSED AND REMANDED.
DELL, J., and YAWN, THERON A., Jr., Associate Judge, concur.
BY ORDER OF THE COURT:
The order of June 12, 1985 is hereby modified to provide that appellants are awarded attorneys fees provided they receive a favorable final judgment in the trial court. In such event the trial court shall determine and award a reasonable attorneys fee for this appellate proceeding.
NOTES
[1] The 1983 version has changed the law only with regard to contribution, but this change does not affect the outcome now before us.