489 So.2d 47 (1986)
Glenn S. DAVIS, Appellant,
v.
TIMESHARE TRAVEL INTERNATIONAL, INC., and Beverly Eckel, Appellees.
No. 85-1675.
District Court of Appeal of Florida, Second District.
February 19, 1986.
Thomas D. Scanlon, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
Dominic E. Amadio, St. Petersburg, for appellees.
GRIMES, Acting Chief Judge.
This is an appeal from a final judgment denying appellant's claim under a guaranty agreement.
Davis sued Timeshare for damages resulting from its default on several promissory notes. He added a count against Eckel, the owner of Timeshare, seeking recovery on a written guaranty of one of the notes. Eckel filed an answer "individually and as registered agent for Timeshare International, Inc." admitting the execution and delivery of the guaranty agreement but asserting a lack of knowledge concerning her obligations under the agreement. Thereafter, Eckel and Timeshare through an attorney obtained leave to file an amended answer. The new answer contained a general denial of the allegations *48 concerning execution and delivery of the guaranty agreement, and raised affirmative defenses of coercion and lack of consideration regarding the promissory notes.
At the trial, Timeshare's obligations to Davis under the notes were established, and the judgment entered against Timeshare is not at issue on this appeal. With respect to the claim against Eckel, Davis testified on direct examination that she had signed the guaranty agreement in his presence at the same time she signed the promissory notes. During cross-examination, he was unable to explain why the signature on the guaranty agreement was in different colored ink and a different handwriting than those on the notes. Under the questioning by the court, he admitted that she might have previously signed the guaranty agreement and delivered it to him when she later signed the promissory notes.
When asked whether the signature on the guaranty agreement was hers, Eckel admitted that it could be but said she did not generally sign her name that way. When pressed by the court on this point, she then declared that it was not her signature. She later retreated to the position that it could be her signature although it did not look like it. The court denied Davis' claim under the guaranty on the stated premise that he had failed to prove by a preponderance of the evidence that Eckel had signed the guaranty agreement.
On appeal, Davis argues that Eckel's execution of the guaranty agreement was deemed admitted because she failed to specifically deny it in her pleadings. Davis relies upon section 673.307(1), Florida Statutes (1985) which states:
Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:
(a) The burden of establishing it is on the party claiming under the signature; but
(b) The signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.
This statute has been construed to require more than a general denial. In order to make an issue of the genuineness of a signature, one must plead a specific denial addressed to the appropriate allegations of the other party. Lipton v. Southeast First National Bank, 343 So.2d 927 (Fla. 3d DCA 1977); Ferris v. Nichols, 245 So.2d 660 (Fla. 4th DCA 1971). The necessity of having a specific denial is explained in the Uniform Commercial Code Comment to this section which reads in part:
The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice that he must meet a claim of forgery or lack of authority as to the particular signature, and to afford him an opportunity to investigate and obtain evidence... . In the absence of such specific denial the signature stands admitted, and is not in issue. Nothing in this section is intended, however, to prevent amendment of the pleading in the proper case.
19B Fla. Stat. Ann. 171 (1966).
In this case, Eckel clearly pled no more than a general denial of her execution of the guaranty agreement. Therefore, Davis' point would be well taken were it not for the fact that he did not raise the applicability of the statute until he filed his motion for rehearing. Davis had a legal right to exclude any testimony at the trial directed toward whether Eckel signed the guaranty agreement if he had made a timely objection predicated upon the statute. At this point, Eckel's only recourse would have been to seek to have the court exercise its discretion to permit an amendment to the answer which would place the validity of the signature squarely in issue. Had an amendment been authorized, any claims by Davis that he was prejudiced by his inability to prepare for the issue could have been obviated by a continuance. Howell F. Davis & Associates v. Laabs, 389 So.2d 1249 (Fla. 2d DCA 1980).
As it happened, however, the evidence bearing upon the validity of Eckel's *49 signature was developed, without objection, by counsel for both parties and by the court. Therefore, the posture of the case was similar to one in which issues not raised by the pleadings have been tried by the express or implied consent of the parties. Under these circumstances, such issues "shall be treated in all respects as if they had been raised in the pleadings." Fla.R.Civ.P. 1.190. Thus, Davis' assertion of reliance on the statute came too late.
Since Davis has not questioned the evidentiary basis for the court's determination that he failed to prove that Eckel's signature was valid, the judgment must be affirmed. Our holding does not conflict with Lipton and Ferris because those were summary judgment cases in which the statute was deemed sufficient to overcome purported issues concerning the validity of the signatures that appear to have been first raised during the appeals.
AFFIRMED.
SCHOONOVER and HALL, JJ., concur.