OWEN, WILLIAM C., Associate Judge, Retired.
Appellants suffered an adverse summary judgment on their tort claim against appel-lee, an agency of the State of Florida. The trial court held that it lacked subject matter jurisdiction due to appellants’ failure to comply with the notice provisions of Section 768.28(6), Fla.Stat. (1983) prior to filing this action. We reverse.
The notice requirements of the statute are not jurisdictional, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); McSwain v. Dussia, 499 So.2d 868, 870 (Fla. 1st DCA 1987); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 595 (Fla.1986). Although the summary judgment does not state the basis upon which it was entered, we have assumed that the trial court determined the notice requirement to be jurisdictional since that was the basis upon which the motion for summary judgment was submitted.
There is no question but that appellants failed to plead specifically that they had met the notice requirements of the statute, or to plead generally the performance of conditions precedent to bringing their action. Nonetheless, this defect in their pleading is one which the state agency may waive, McSwain v. Dussia; City of Pembroke Pines v. Atlas, and there remains an issue for the trial court to determine as to whether the defendant, by its failure to plead this defect as an affirmative defense, may have waived this defect in the pleadings. There is also an issue as to whether the defendant, by its subsequent actions, may have waived this defect. Additionally, there remains a factual issue for the trial court as to whether appellants’ written notice was sufficient to comply with the statutory provisions. See State of Florida, Department of Transportation v. Alvarez, 490 So.2d 1068 (Fla. 3d DCA 1986); Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985).
The summary judgment in favor of ap-pellee on the negligence count (count IV) is reversed and this cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
HERSEY, C.J., and STONE, J., concur.