631 So.2d 319 (1994)
Kathy A. GARDNER and Ronnie Gardner, Appellants,
v.
BROWARD COUNTY, Florida, Appellee.
No. 92-1454.
District Court of Appeal of Florida, Fourth District.
January 26, 1994.
*320 Thomas E. Buser and Scott Mager of Krupnick, Campbell, Malone, Roselli, Buser & Slama, P.A., Fort Lauderdale, for appellants.
John J. Copelan, Jr., County Atty., and Maite Azcoitia and Marina Garcia Wood, Asst. County Attys., Fort Lauderdale, for appellee.
KLEIN, Judge.
Appellant Kathy Gardner was injured by the county, and her statutory notice of claim to the county did not show that her husband was also making a claim for loss of consortium. At the close of the evidence the defendant county moved for a directed verdict on the husband's consortium claim, because of the defective notice, and the court granted the motion. We reverse because we conclude that the county was precluded from raising the issue at trial.
Kathy was injured while a passenger on a county owned bus on June 16, 1988, and on March 17, 1989, her counsel sent the notice required by section 768.28(6), Florida Statutes (Supp. 1988), to the county and the insurance commissioner. It stated:
Please be advised that our firm represents Kathy Gardner for her loss of consortium and the injuries she sustained, as the result of an incident which occurred on June 16, 1988, while a passenger on a Broward County bus.
Pursuant to § 768.28(6), this will hereby constitute notice of this claim against the Broward County Commissioners.
Plaintiffs filed suit on August 3, 1990, alleging they gave proper notice, which the county generally denied.
Plaintiffs served a single request for admission on December 5, 1990, requesting the county to admit that plaintiff had satisfied the notice requirements of section 768.28(6). The county objected on the grounds that the request for admission related to facts in dispute and that it sought a legal conclusion. When ordered to answer the county said that it was "without knowledge". At that time, February 5, 1991, plaintiffs would still have had several months in which to provide the proper notice, since the statute requires notice to be given within three years of the accident.
It was not until trial that the county specifically pointed out that the notice was defective as to the husband's claim for consortium, and by then the three-year period for providing notice had run. The trial court granted the motion for directed verdict as to the husband's claim, and the husband brought this appeal.
We need not decide whether the notice was sufficient, because we conclude that the county was precluded from raising the issue.
In Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991), the Hoffman brothers were practicing dentistry together, and plaintiff's notice of intent to bring a malpractice action named the brother of the proper defendant. The defendant received it and forwarded it to his insurer. When plaintiff filed the complaint against the proper defendant, he alleged that he had complied with all conditions precedent. Defendant made a general denial of that allegation, without specifically alleging any defect in the notice of intent. Nothing further was said by defendant about the notice problem until trial, after the statute of limitations had run. The trial court dismissed the claim because the notice of intent named the defendant's brother, not the defendant, and the third district affirmed, but certified the question of waiver or estoppel. Ingersoll v. Hoffman, 561 So.2d 324 (Fla. 3d DCA 1990).
The supreme court granted review and, noting that Florida Rule of Civil Procedure 1.120(c) requires that a denial that a condition *321 precedent has occurred "shall be made specifically and with particularity," held that defendant's failure to deny the occurrence of the condition precedent with particularity was a waiver. The court observed that if the defendant had timely properly raised the notice issue, plaintiff could have corrected the notice before the statutory period had run.
We therefore reverse the directed verdict on the husband's consortium claim because defendant, by failing to deny the occurrence of the condition precedent "specifically and with particularity", waived the right to raise that issue after the statutory period for raising it had run.[1]
We do not know if the county was deliberately being evasive in its answer to the complaint and its answer to the request for admission in order to take advantage of the limitations period, or whether it was unintentional. In either event the defendant cannot benefit at the expense of the claimant.
In Cabot v. Clearwater Construction Co., 89 So.2d 662, 664 (Fla. 1956), Justice Thornal, speaking for the court after adoption of the Rules of Civil Procedure, said:
No longer are we concerned with the "tricks and technicalities of the trade". The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
And as Judge Schwartz said in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), the "`gotcha!' school of litigation" will not be tolerated.
Reversed.
STONE and FARMER, JJ., concur.
NOTE: KLEIN, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.
NOTES
[1] The county also raised the failure to give notice under the statute as an affirmative defense in its answer, however the affirmative defense suffered from the same lack of specificity as the general denial and is therefore of no help to the county on the waiver issue.