715 So.2d 1126 (1998)
Dario LABRADA and Maria Del Carmen Calero, his wife, Appellants,
v.
METROPOLITAN DADE COUNTY, etc., Appellee.
No. 98-853.
District Court of Appeal of Florida, Third District.
August 19, 1998.
*1127 Rodney D. Logan, Bambi G. Blum, Miami, for appellants.
Merritt & Sikes and Martin E. Leach, Miami, for appellee.
Before SCHWARTZ, C.J., FLETCHER, J., and ORFINGER, MELVIN, Senior Judge.
PER CURIAM.
Plaintiffs, Dario Labrada and Maria Del Carmen Calero, his wife, appeal from a summary judgment in favor of defendant, Metropolitan Dade County [County], in their personal injury action against the County. The summary judgment was entered upon a determination that plaintiffs failed to furnish the necessary notice in writing to the Department of Insurance prior to initiating their action as required by section 768.28(6), Florida Statutes (Supp.1994). Although plaintiffs' counsel sent a letter to the Department of Insurance prior to filing this action, the County argued that the letter did not sufficiently identify the County as the agency allegedly responsible for plaintiffs' injuries because the letter addressed to the Department of Insurance refers to the negligent construction and maintenance of "your facilities." The letter does, however, clearly identify Miami International Airport as the location where the accident occurred. We are convinced the letter provided the Department of Insurance with sufficient information to ascertain that plaintiffs' claim was against the owners and/or operators of Miami International Airport notwithstanding the imprecise wording. See Franklin v. Palm Beach County, 534 So.2d 828 (Fla. 4th DCA 1988). This fact clearly distinguishes Lopez v. Prager, 625 So.2d 1240 (Fla. 3d DCA 1993), rev. denied, 634 So.2d 625 (Fla.1994).
The issue of the sufficiency of the notice as to the wife's loss of consortium claim was not argued below and is, therefore, not properly before this court for appellate review. See Wilkerson v. Alachua County, 675 So.2d 951 (Fla. 1st DCA 1996); Sierra v. Public Health Trust of Dade County, 661 So.2d 1296 (Fla. 3d DCA 1995).
For the above reasons, the judgment below is reversed, and the case is remanded for further proceedings.