777 So.2d 989 (2000)
Neil VonDRASEK and Linda VonDrasek, Appellants,
v.
CITY OF ST. PETERSBURG, a municipality, Appellee.
No. 2D99-2004.
District Court of Appeal of Florida, Second District.
September 1, 2000.
*990 Gregory T. Elliott of Mouser & Wells, P.A., St. Petersburg, for Appellants.
Michael S. Davis, City Attorney, and John Wallace Hamilton, Assistant City Attorney, St. Petersburg, for Appellee.
ALTENBERND, Judge.
Neil VonDrasek and his wife, Linda VonDrasek, appeal an order dismissing Mrs. VonDrasek's consortium claim. She filed her lawsuit as a claim in her husband's action for personal injuries against the City of St. Petersburg. The trial court dismissed Mrs. VonDrasek's action because the VonDraseks' presuit notice did not expressly reference the consortium claim. We reverse because the City did not specifically deny the VonDraseks' allegation that they had properly complied with all conditions precedent. Instead, the City delayed raising the deficiency in the notice until after the time for filing a presuit notice had expired. Additionally, the City received sufficient and timely notice of the consortium claim when it obtained written answers to consortium interrogatories from Mrs. VonDrasek during the pendency of her husband's lawsuit. These written answers provided notice and thus cured any defect that existed in the earlier presuit notice.
Mr. VonDrasek sustained bodily injuries when he tripped and fell on a City sidewalk while jogging on December 17, 1993. Before filing this action, Mr. VonDrasek complied with the presuit notice requirements of section 768.28(6), Florida Statutes (1993), by submitting a written claim to the City dated August 10, 1994. This notice did not include any reference to a consortium claim by his wife.
The City denied the claim, and the VonDraseks filed suit on June 20, 1996, seeking damages both for Mr. VonDrasek's injuries and for Mrs. VonDrasek's loss of consortium. The VonDraseks alleged in their complaint that they had properly given notice to the City pursuant to section 768.28, and that "[a]ll other conditions precedent to bringing or maintaining this action have been met or waived." The written claim provided to the City was attached to the complaint as exhibit A.
In response to the complaint, the City filed an answer and raised nine affirmative defenses. None of the affirmative defenses addressed the requirements of section 768.28(6). In response to the VonDraseks' allegation that they had complied with all conditions precedent to the lawsuit, the City replied, "Defendant City admits to the receipt of exhibit A, but is without knowledge if it complies with the Statute, as that is a judicial determination." With its answer, the City served "consortium interrogatories" upon the VonDraseks, which addressed only the consortium claim. The VonDraseks provided answers to these interrogatories in August 1996.
Twenty months later and after the claim period had expired, the City first alleged in a motion to dismiss that the VonDraseks had failed to provide adequate notice of the consortium claim. The trial court, relying upon Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996), reluctantly granted the motion to dismiss the consortium claim.
The issue in this case is not whether the City was entitled to receive a written notice of claim concerning Mrs. VonDrasek's consortium claim. Clearly, Reyes requires such notice. Instead, the issue is whether the City could file an evasive answer to the complaint, request and accept from Mrs. VonDrasek a detailed written explanation of her claim during the claim period, and then, after the expiration of the claim period, obtain a dismissal of her lawsuit because the earlier presuit notice was defective. We conclude that the City has lost *991 its right to complain about the adequacy of the original notice in this case.
It is well established that the notice requirement in section 768.28(6) does not affect the jurisdiction of the court, but rather is a condition precedent to the lawsuit. See § 768.28(6)(b), Fla. Stat. (1993); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022 (Fla.1979); Drax Int'l, Ltd. v. Division of Admin., State of Fla. Dep't of Transp., 573 So.2d 105, 106 (Fla. 4th DCA 1991). The notice has been described as a "temporary procedural bar to a lawsuit against the State or one of its subdivisions." Widmer v. Caldwell, 714 So.2d 1128, 1129 (Fla. 1st DCA 1998). Failure to comply with this condition precedent often results in the dismissal of a lawsuit without prejudice to the plaintiffs right to refile after providing notice. Nevertheless, there have been occasions when a notice provided by a plaintiff after the filing of a lawsuit has been sufficient to allow the lawsuit to proceed without dismissal. See Lee v. South Broward Hosp. Dist., 473 So.2d 1322 (Fla. 4th DCA 1985). As many courts have emphasized, the notice is not intended to be a special "gotcha" that allows governmental entities to sandbag plaintiffs; it functions as a tool to allow these entities to identify and settle claims on a timely basis without the expense of extended litigation. See Kuper v. Perry, 718 So.2d 859, 860 (Fla. 5th DCA 1998); Williams v. Henderson, 687 So.2d 838 (Fla. 2d DCA 1996); Gardner v. Broward County, 631 So.2d 319, 321 (Fla. 4th DCA 1994).
It is equally well established that a plaintiff may allege compliance with conditions precedent generally, but that a defendant must deny such an allegation "specifically and with particularity." Fla. R. Civ. P. 1.120(c). See also Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991). In this case, the City did not provide a specific and particular denial to the VonDraseks' general allegation. Rather, the City admitted receiving the notice, but claimed that it was "without knowledge" as to its legal sufficiency. Typically, "without knowledge" is an appropriate response to a factual allegation, not a method to avoid taking a position on a question of law. See generally 40 Fla. Jur.2d Pleadings § 146 (1982). Pleadings are intended, in part, to disclose each party's respective position on the legal issues involved in the lawsuit.[1] The City, by pleading "without knowledge," either concealed the position it intended to take on the issue of notice or deferred the process of examining exhibit A to determine whether it was legally sufficient. Given that the City had all of the factual information it needed to assess this legal issue when it filed its answer, the City waived this legal issue when it failed to provide a timely, specific denial.[2]See Brown v. State, Dep't of Corrections, 701 So.2d 1211 (Fla. 1st DCA 1997); Paulk v. Peyton, 648 So.2d 772 (Fla. 1st DCA 1994).
The City's motion to dismiss, filed after the expiration of the notice period, was effectively a motion to amend its answer to the plaintiffs' complaint. See Fla. R. Civ. P. 1.190(a) (amendments). If the trial court had treated the motion to dismiss as a request to amend the answer, it would have been justified in denying it as an untimely motion that prejudiced the opposing party. Cf. Wockenhut Protective *992 Sys., Inc. v. Key Biscayne Commodore Club Condominium I, Inc., 350 So.2d 1150 (Fla. 3d DCA 1977) (holding that primary consideration on motion to amend is whether opposing party will be unduly prejudiced).
This case is very similar to Gardner, in which the Fourth District held that a county was precluded from raising the issue of notice at trial when the county had responded to a request for admission in a manner similar to that utilized by the City in this case. See Gardner, 631 So.2d at 320. As in this case, the county in Gardner waited until the claim period expired to challenge the adequacy of the notice. Although Gardner was decided prior to the supreme court's decision in Reyes, 688 So.2d 311, the supreme court did not disapprove of the decision in Gardner. Instead, Reyes did not address the issue presented in Gardner, presumably because Reyes did not involve the governmental subdivision's failure to comply with rule 1.120(c). Reyes simply holds that the governmental subdivision is entitled to a distinct presuit notice of a consortium claim, and Gardner holds that it can waive that condition precedent by filing a deficient answer.
Even if the City's answer to the complaint did not waive its right to notice, its own actions cured this defect long before it moved to dismiss the consortium claim. Because the City had received a written notice from Mr. VonDrasek and had denied his claim, he was entitled to file and pursue his lawsuit in the circuit court when the complaint was filed by both VonDraseks. By submitting the interrogatories to Mrs. VonDrasek, the City received her written answers, providing detailed information about her consortium claim, within the three-year period for her claim. See § 768.28(6)(a). The sworn information provided in the answers is more than sufficient to satisfy the statutory notice requirements. Thus, at most, the City was entitled to defer Mrs. VonDrasek's involvement in the lawsuit for six months after it received her written answers to interrogatories while they evaluated her claim. See § 768.28(6)(d). See also Lee, 473 So.2d 1322.
Reversed and remanded.
THREADGILL, A.C.J., and DAVIS, J., Concur.
NOTES
[1] The Author's Comment in 1967 to Florida Rule of Civil Procedure 1.110 states, in part: "The contents of a pleading should not just meet the minimum requirements for that type of pleading. They should clearly and adequately inform the judge [and] the opposing party ... of the position of the pleader." Although this statement may express an aspiration more than a legal standard, the City's answer misses this mark by a considerable margin.
[2] Prior to the current rules of civil procedure, the supreme court stated: "Where the facts are within defendant's knowledge, he must answer positively ... and an evasive and qualifying answer has been held to amount to an admission." Citizens' Bank & Trust Co. v. Grey, 100 Fla. 958, 963, 130 So. 274, 276 (1930) (citations omitted).