787 So.2d 911 (2001)
Maria del Carmen CALERO, Appellant,
v.
METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 3D00-1444.
District Court of Appeal of Florida, Third District.
May 9, 2001.
Rehearing and Certification Denied July 11, 2001.
*912 Rodney D. Logan, Miami; Bambi G. Blum, Miami, for appellant.
Merritt & Sikes, P.A., and William C. Merritt, Miami, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
Rehearing En Banc and Certification Denied July 11, 2001.
COPE, J.
Maria del Carmen Calero appeals an adverse summary judgment dismissing her claim for loss of consortium because she failed to give notice of her claim as required by section 768.28, Florida Statutes (1995). We affirm.

I.
Ms. Calero's husband, Dario Labrada, was working for a private company as a cargo handler when he was injured in an accident at Miami International Airport. Counsel presented a claim for personal injury to the County and the Florida Department of Insurance, pursuant to subsection 768.28, Florida Statutes (Supp. 1994). Counsel's letter asserted a personal injury claim on behalf of the husband but did not indicate that the wife was asserting a loss of consortium claim.
The husband and wife initially brought suit against other defendants. In March 1997, they added Dade County as a defendant in their pending lawsuit.
In April 1997, the County filed an answer. One of the County's affirmative defenses was that the plaintiffs had failed to comply with the provisions of section 768.28, Florida Statutes.
In December 1998, the County moved for summary judgment with respect to the wife's claim for loss of consortium. The County argued that the wife had failed to give any notice of her consortium claim under subsection 768.28(6). The trial court entered summary judgment in favor of the County, and the wife has appealed.[1]

II.
The Florida Supreme Court held in Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996), that a spouse who wishes to bring suit against the County for loss of consortium must give statutory notice under section 768.28, Florida Statutes. 688 So.2d at 312-13. The trial court correctly so ruled.
The wife argues that she should be excused from compliance because the notice in this case was given in 1994, and the Reyes decision was not announced until 1996. The wife points out that prior to the Florida Supreme Court decision in Reyes, the rule in the Third District had been that a loss of consortium claim was derivative of the other spouse's personal injury claim, and that no separate notice was required. See Reyes, 688 So.2d at 312.
We see no basis on which to excuse compliance. The Reyes decision was announced in December of 1996. The plaintiffs did not bring suit against Dade County in this case until March of 1997. Compliance with section 768.28, Florida Statutes, is a condition precedent to suit, Commercial Carrier Corp. v. Indian River *913 County, 371 So.2d 1010, 1022-23 (Fla. 1979), and compliance was required.[2]

III.
The wife argues alternatively that the County has waived the section 768.28 defense, or is estopped from asserting it. We conclude that there is no waiver or estoppel under the circumstances of this case.
Within thirty days after plaintiffs sued the County, the County filed its answer and asserted an affirmative defense that the plaintiffs failed to comply with section 768.28. Although the affirmative defense should have alerted plaintiffs to the existence of a possible section 768.28 problem, plaintiffs did not propound discovery on this issue or otherwise address it, even though several months remained in which the plaintiffs could have cured any notice deficiency.
The wife relies on the recent decision in VonDrasek v. City of St. Petersburg, 777 So.2d 989 (Fla. 2d DCA 2000), but that case is very different from this one. The VonDrasek plaintiffs alleged in their complaint that they had properly given notice to the defendant City pursuant to section 768.28 and that all conditions precedent to the bringing of the lawsuit had been met. In response, the City admitted receipt of the section 768.28 notice, but said that it was without knowledge if the notice complied with the statute. Later, after the three-year 768.28 notice period had expired, the City moved to dismiss the wife's consortium claim because it had not been included in the section 768.28 notice. Id. at 989.
On those facts, the Second District concluded that the City had waived the section 768.28 issue. Under Florida Rule of Civil Procedure 1.120(c), a party who wishes to deny the performance of a condition precedent must do so "specifically and with particularity." The City had not given a particularized denial but had instead answered evasively. VonDrasek, 777 So.2d at 991. The City had failed to raise any affirmative defense which addressed the requirements of section 768.28. Id. In the present case, by contrast, the County promptly raised the affirmative defense asserting that the plaintiffs had not complied with section 768.28.[3]
The wife also contends that since the County took discovery regarding the consortium claim, this cured the notice problem. She relies on the VonDrasek decision for this proposition as well.
On this issue, too, VonDrasek is distinguishable. In that case, the City had failed to raise a section 768.28 defense. The City went on to conduct discovery regarding the facts of the wife's consortium claim. Under those circumstances, the Second District concluded that the notice problem was cured and the City received in discovery the same information it would have received in the section 768.28 notice. VonDrasek, 777 So.2d at 991.
*914 In the present case, by contrast, the County raised the section 768.28 defense at the outset. Nothing precluded the County from proceeding to take discovery. If we were to accept plaintiffs' position, it would mean that by raising the section 768.28 issue, the County cannot conduct discovery in the case until the section 768.28 issue is ruled on.
The County is also correct in saying that even if discovery received by the County could be deemed to constitute a section 768.28 notice, it still would not constitute notice to the Department of Insurance. The County points out that in the VonDrasek case, the question of notice to the Department of Insurance was not involved, since claims against municipalities are not presented to the Department of Insurance. See § 768.28(6)(a), Fla.Stat.; Bryant v. Duval County Hosp. Authority, 502 So.2d 459, 461-62 (Fla. 1st DCA 1986).

IV.
Because the issue of section 768.28 notice is a recurrent one, we point out that the County's affirmative defense in this case was not sufficiently particularized. The affirmative defense stated, in its entirety, "Plaintiffs have failed to comply with the conditions precedent to the institution and maintenance of this action in failing to comply with the provisions of Florida Statute § 768.28."
As already stated, Rule 1.120(c) states that a "denial of performance or occurrence [of conditions precedent] shall be made specifically and with particularity." This means that the County must specify exactly how the section 768.28 notice was deficient.[4]
The intent of the rule is that when, as here, the defending party contends that the suit should not have been filed because conditions precedent have not been satisfied, the defendant must be forthcoming in identifying exactly where the problem lies, so the plaintiffs will have a fair chance to take curative action or otherwise address the issue.
Since the affirmative defense was insufficiently particularized, it was subject to being stricken with leave to replead. See Fla.R.Civ.P. 1.140(b). No such relief was requested in this case, however.

V.
For the reasons stated, the summary judgment is affirmed.
GERSTEN, J., concurs.
GREEN, J. (specially concurring).
I agree that summary judgment was properly entered in this case, but write separately to explain that it is solely because the wife failed to provide timely notice to the Department of Insurance in accordance with section 768.28(6), Florida Statutes.
I disagree with the majority's analysis and find that the County's insufficient pleading coupled with its two-years of ongoing litigation of this consortium claim, on the merits, waived the wife's requirement to provide the County with notice.[5] Section 768.28 provides in pertinent part:
(6)(a) An action may not be instituted on a claim against the state or one of its *915 agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, ..., presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues .... (emphasis added)
The law is clear that while the county may waive the notice requirement to itself, it may not waive notice to the Department of Insurance. See Wall v. Palm Beach County, 743 So.2d 44, 44-45 (Fla. 4th DCA 1999).
In this case, it is undisputed that the Department of Insurance did not receive notice of the wife's claim within the applicable three-year time period. Thus, the wife's consortium claim is barred as a matter of law. See § 768.28(6), Florida Statutes (1994). For this reason, I concur that summary judgment was properly entered against her.
NOTES
[1] Earlier in the same litigation, the trial court entered summary judgment in favor of the County on the ground that the notice letter under subsection 768.28(6) did not sufficiently identify the County as the agency allegedly responsible for the plaintiffs' injuries. This court concluded that the letter was sufficiently specific and reversed that summary judgment. Labrada v. Metropolitan Dade County, 715 So.2d 1126, 1127 (Fla. 3d DCA 1998).
[2] If we were to accept the wife's argument on this point, the wife in this case would be in a better position than the wife in Reyes itself. Ms. Reyes had her consortium claim dismissed on account of a lack of section 768.28 notice. 688 So.2d at 313.
[3] Under the case law, the plaintiffs in the present case should have pled that they had performed the conditions precedent to the filing of the lawsuit by giving the section 768.28 notice. See Commercial Carrier, 371 So.2d at 1023. That would have triggered the obligation of the County to file a particularized denial under Rule 1.120(c).

Since the plaintiffs did not allege performance of conditions precedent, there was no occasion for the County to file a particularized denial under Rule 1.120(c). The County instead filed an affirmative defense raising the 768.28 issue.
[4] Rule 1.120(c) contemplates that the plaintiff will include in the complaint a general allegation "that all conditions precedent have been performed or have occurred." If the defendant desires to deny this, it must be "specifically and with particularity."

Logically, the requirement for particularity also exists where, as here, the complaint does not address conditions precedent and the defendant raises the issue as an affirmative defense. See supra note 3.
[5] The County's answer to the amended complaint did not specifically plead that the wife failed to provide it with separate notice. The County never filed a motion to dismiss on this ground. The County's first motion for summary judgment, attacking the plaintiffs' compliance with section 768.28(6) did not even mention this ground. Prior to filing the second motion for summary judgment, at issue here, the County propounded discovery directed specifically to the wife regarding the merits of the consortium claim. In fact, the County filed a motion to compel the wife's deposition, which was ultimately taken February 11, 1999.