SCHWARTZ, Chief Judge.
The trial court granted summary judgment against the plaintiff, Ms. Casanova, on the ground that the claim letter she sent to the defendant agency on behalf of her child did not include her individual claim.[1] See Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996); Calero v. Metropolitan Dade County, 787 So.2d 911 (Fla. 3d DCA 2001). We reverse because, by waiting for more than two years from the complaint until after the three year claim period had expired to raise that alleged defect “specifically and with particularity,” as Florida Rule of Civil Procedure 1.120(c)[2] requires,[3] the defendant became estopped from relying upon it. Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla.1991); Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla.1965); VonDrasek v. City of St. Petersburg, 777 So.2d 989 *1125 (Fla. 2d DCA 2000); Gardner v. Broward County, 631 So.2d 319 (Fla. 4th DCA 1994); see Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984); Cf. Calero, 787 So.2d at 913.
Calero’s rejection of the estoppel and waiver argument on similar but decisively distinguishable facts[4] does not require af-firmance in this case. This is because the answer in Calero, which asserted an affirmative defense that the plaintiffs had failed
“to comply with the conditions precedent to the institution and maintenance of this action in failing to comply with the provisions of Florida Statute § 768.28”
should have “alerted plaintiffs to the existence of a possible section 768.28 problem.” Calero, 787 So.2d at 913. In this case, in contrast, the affirmative defense, see note 3, specified a particular alleged defect in the claim, that of prematurity in notifying the Department of Insurance less than six months prior to the filing of the suit. Having particularized its objection in this way, the Department must be held to have waived or become estopped to assert any other, including the present one. This is particularly true because, if called to the plaintiffs attention as the defendant was bound to do, the defect could have been easily cured within the pertinent time.
The intent of the rule is that when, as here, the defending party contends that the suit should not have been filed because conditions precedent have not been satisfied, the defendant must be forthcoming in identifying exactly where the problem lies, so the plaintiffs will have a fair chance to take curative action or otherwise address the issue.
Calero, 787 So.2d at 914. See by analogy, Shelby Life Ins. Co. v. Paolasini, 489 So.2d 89, 91 (Fla. 3d DCA 1986)(affirmative misstatement that applicant saw physician for “checkup” and “flu” did not put insurer on notice that visit was actually for treatment of a heart condition; response only naming doctor “might have indicated that further information was required to fill in the ... gap as to the nature of the particular ailment”), review denied, 501 So.2d 1283 (Fla.1986).
For these reasons we reverse the order of dismissal and remand for reinstatement of Ms. Casanova’s individual claim.
Reversed and remanded.

. The claim letter stated that:
"This law firm has been retained by the above child’s natural mother, GRACIELA CASANOVA, to represent the minor child in a possible cause of action for injuries sustained while under the care and supervision of the State of Florida Department of Children and Families.”

. Rule 1.120 Pleading Special Matters
(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

.The complaint alleged that:
"7. [T]he Plaintiffs have given notice to CFS as is required by the Florida Statute which waives sovereign immunity, Fla. Stat. Sec. 768.28....”
With respect to this issue, the answer said,
"7. Paragraph 7 is denied and this Defendant demands strict proof thereof.”
"55. As an Affirmative Defense, this Defendant would state that the Plaintiffs have failed to comply with all conditions precedent in that they did not notify the Department of Insurance until February 16, 1999. Therefore, it has been less than six months prior to the filing of this suit and this suit is premature.” [e.s.]

. In any event, as indicated in Judge Green's separate opinion in Calero, this language was unnecessary to the result and therefore likely no more than dictum.