NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LUZ SANABRIA and GAETANO PIRO,   )
   )
       Appellants,   )
   )
v.   )   Case No. 2D15-866
   )
PENNYMAC MORTGAGE   )
INVESTMENT TRUST HOLDINGS I,   )
LLC,   )
   )
       Appellee.   )
   )

Opinion filed July 15, 2016.

Appeal from the Circuit Court for Manatee
County; Thomas M. Gallen, Senior Judge.

Danny E. Eskanos, Clearwater, for
Appellants.

Alen H. Hsu of Blank Rome, LLP, Boca
Raton; and Michelle Gevias, Paul M.
Messina and Manuel S. Hiraldo of Blank
Rome LLP, Tampa, for Appellee.


LUCAS, Judge.

Luz Sanabria and Gaetano Piro (the homeowners) appeal the entry of a

final judgment of foreclosure in favor of Pennymac Mortgage Investment Trust Holdings

I, LLC (Pennymac Trust). The homeowners raise several issues on appeal. Although

we are precluded from reaching the merits of their arguments concerning Pennymac Trust's standing, we nevertheless reverse the final judgment of foreclosure because the circuit court erroneously found that the homeowners had failed to sufficiently plead a properly raised affirmative defense challenging the authenticity of Ms. Sanabria's signature on a promissory note.

I.

In 2007, in connection with the purchase of their home in Manatee County, Ms. Sanabria executed a promissory note in favor of American Lending Group, Inc., and, along with her husband, Mr. Piro, a mortgage securing that note in favor of Mortgage Electronic Service, as nominee for American Lending Group. In February 2012, Pennymac Trust filed a complaint against the homeowners, claiming that the homeowners had defaulted on the note and that Pennymac Trust had assumed the right to enforce their note and mortgage through various assignments that, for brevity's sake, we need not recount. The complaint proceeded, in a somewhat convoluted fashion, through different iterations until it reached the operative pleading, a second amended complaint, and the plaintiff filed what purported to be a copy of the borrower's original note.[1]

_____

[1]There was, it seems, a degree of confusion on the plaintiff's part concerning the precise "Pennymac" entity—whether it was Pennymac Trust or a similarly named (but presumably separate) entity known as Pennymac Corporation—that had the right to enforce the homeowners' note and pursue this litigation. Through pleading amendments and an order of substitution, the plaintiff's identity vacillated back and forth at various times in the case below. We cannot attempt to unravel this confusion because the homeowners failed to adequately preserve the issue of plaintiff's standing in their motion for involuntary dismissal. See Franklin v. Patterson-Franklin, 98 So. 3d 732, 738 (Fla. 2d DCA 2012) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation

- 2 -

In response to the second amended complaint, the homeowners alleged, as their ninth affirmative defense, the following:

> With regard to all counts of the Complaint, the Plaintiff's claims are barred in whole or in part because the Defendants affirmatively question the veracity and authenticity of any possible endorsement made on any purported note or allonge the Plaintiff may produce pursuant to Fla. Stat. § 673.3081 (2011), assuming, without conceding, that such endorsement exists.  Specifically, the Defendants question the veracity and authenticity of any possible endorsement because:  (1) there is no mention in the Complaint as to who the endorser is; (2) there is no mention in the Complaint as to what authority the purported endorser may so endorse, (3) the indorsement wasn't on the documents attached to the original complaint, and (4) *the copy of the note attached to the complaint does not contain Defendant's signature and is not the note signed by Defendant.*

(Emphasis added.)  Pennymac Trust filed a reply to this defense which, with respect to the issue of Ms. Sanabria's signature, asserted that the homeowners had failed to plead an issue of "fraud" with sufficient particularity and that there is no proof "that any signature . . . is fraudulent."  The case then proceeded to a nonjury trial on October 14, 2014.

The homeowners' case-in-chief focused squarely on their claim that Pennymac Trust's note was not the one Ms. Sanabria signed.  The homeowners called as a witness Michael Infanti, Esq., an attorney with the law firm that had performed their original mortgage closing when they purchased the home.  Mr. Infanti produced a copy

---

if it is to be considered preserved." (quoting <u>Sunset Harbour Condo. Ass'n v. Robbins</u>, 914 So. 2d 925, 928 (Fla. 2005))).  We trust that, on remand, the circuit court will attend to the question of the plaintiff's standing at the time the lawsuit was filed, should it be raised again.  <u>See</u> <u>Corrigan v. Bank of America, N.A.</u>, 41 Fla. L. Weekly D345, D346 (Fla. 2d DCA Feb. 5, 2016).  For ease of reference, in this opinion we will simply refer to the plaintiff below as Pennymac Trust, the appellant in the case at bar.

of the note kept by his law firm from the closing. The copy of the note produced by Mr. Infanti contained five pages, with Ms. Sanabria's signature appearing on the fifth page. In contrast, the copy of the note produced by Pennymac Trust contained six pages, and Ms. Sanabria's signature appeared on the sixth page. Ms. Sanabria then testified that the signature and initials appearing on Pennymac Trust's copy of the note were not hers and that its note contained different language than what was in Mr. Infanti's copy of the note. Finally, the homeowners attempted to call as an expert witness a forensic document examiner, Ms. Jean J. Berrie-Perrino. The court precluded Ms. Berrie-Perrino from testifying, ruling that the homeowners' defense had not been adequately pleaded. According to the court, the homeowners had essentially waived any defense regarding the authenticity of the note's signature by failing to specifically plead that issue, citing in support of its ruling the case of Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932 (Fla. 4th DCA 2010). However, the homeowners proffered the substance of Ms. Berrie-Perrino's testimony, which would have been that Ms. Sanabria's signature on Pennymac Trust's copy of the note and the signature of Ms. Sanabria on Mr. Infanti's copy of the note from the closing were not executed by the same person.

II.

The circuit court's ruling, which deemed the homeowners' authenticity defense as having been improperly pleaded, was premised on the sufficiency of their pleading. We review such an issue de novo. See Ladner v. AmSouth Bank, 32 So. 3d 99, 103 (Fla. 2d DCA 2009) ("The determination of the sufficiency of a pleading is a matter of law and subject to a de novo review."); Mercedes Lighting & Elec. Supply, Inc. v. Dep't of Gen. Servs., 560 So. 2d 272, 277 (Fla. 1st DCA 1990) ("[A] decision whether

- 4 -

a pleading or motion is legally sufficient involves a question of law subject to de novo review by the appellate court.").

Throughout the proceedings below and in this appeal, the parties and the circuit court have framed the sufficiency of the homeowners' defense in terms of section 673.3081, Florida Statutes (2012). Cf. Riggs, 36 So. 3d at 933 (quoting statute and affirming summary judgment in favor of loan servicing company where authentication of the note was not at issue). That statute, a part of Florida's Uniform Commercial Code, includes what is arguably a heightened civil pleading requirement when a dispute over a signature's authenticity is raised in connection with a negotiable instrument such as a mortgage note. Section 673.3081(1) reads, in relevant part:

> In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted *unless specifically denied in the pleadings*. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.

(Emphasis added.)

Pennymac Trust likens the statute's passing reference to "specifically" denying a signature's authenticity to the specificity required to plead a cause of action for fraud under Florida Rule of Civil Procedure 1.120(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit." The circuit court—and to a large measure, the homeowners, as well—appeared to accept Pennymac Trust's underlying premise that section 673.3081(1) alters civil pleading practice by imposing a heightened

specificity requirement when the authenticity of a note's signature is challenged. Proceeding under that assumption, the homeowners argue that they met this heightened standard of pleading with their ninth affirmative defense.

At the outset, we note the peculiar dilemma of applying a statutory provision that purports to prescribe an aspect of civil practice or procedure. Cf. Massey v. David, 979 So. 2d 931, 937 (Fla. 2008) ("Moreover, where [the Florida Supreme Court] has promulgated rules that relate to practice and procedure, and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict."); Caple v. Tuttle's Design-Build, Inc., 753 So. 2d 49, 53 (Fla. 2000) ("The distinction between substantive and procedural law is neither simple nor certain . . . ."); In re Commitment of Cartwright, 870 So. 2d 152, 158 (Fla. 2d DCA 2004) ("The fact that a statutory provision could appropriately be labeled 'procedural' does not necessarily mean that it violates article V, section 2(a) [of the Florida constitution]."); Adhin v. First Horizon Home Loans, 44 So. 3d 1245, 1251 (Fla. 5th DCA 2010) (recognizing that where "a statute contains some procedural aspects, but those provisions are intimately intertwined with the substantive rights created by the statute, the statute will not be viewed as impermissibly intruding on the practice and procedure of the courts in a constitutional sense").[2]

Regardless, under either a general or a heightened, "specific" pleading standard, we are satisfied that the authenticity of Ms. Sanabria's signature was an issue

---

[2]We note that nothing within rule 1.110 (governing answers), rule 1.120 (pleading "special matters," including fraud), or the relatively recently enacted rule 1.115 (pleading mortgage foreclosures) mentions a heightened or more specific pleading standard in cases where a litigant wishes to challenge the authenticity of a signature.

that was adequately pleaded and presented for adjudication. None of the cases Pennymac Trust cites in support of affirmance persuades us otherwise. Indeed, the few Florida decisions to address the pleading requirement that section 673.3081(1) appears to impose only arise in the context of a defendant who failed to plead the issue of authenticity as an affirmative defense. See, e.g., Davis v. Timeshare Travel Int'l, Inc., 489 So. 2d 47, 48-49 (Fla. 2d DCA 1986) (noting, in dicta, that guarantor's equivocating testimony about her signature could not overcome statutory presumption of its validity where she had only pleaded a general denial to the lender's claims within her answer); Riggs, 36 So. 3d at 933 ("Nothing in the pleadings placed the authenticity of Alday's signature at issue."); Lipton v. Se. First Nat'l Bank of Miami, 343 So. 2d 927, 928 (Fla. 3d DCA 1977) (holding that general denials in response to a bank's complaint failed to meet the requirements of section 673.307(1) and so the borrower's signatures were deemed admitted); Ferris v. Nichols, 245 So. 2d 660, 661 (Fla. 4th DCA 1971) (observing that defendant, who asserted no affirmative defenses, failed to plead the issue of a signature's authenticity; "[h]ad the defendant desired to deny that he signed the note, he should have done so by a specific denial addressed to the appropriate allegations in the complaint").

Here, however, the homeowners fashioned an affirmative defense that plainly denied the authenticity of Ms. Sanabria's signature on a specific document: "the copy of the note attached to the complaint does not contain Defendant's signature and is not the note signed by Defendant." The court and the parties were adequately apprised by this defensive pleading that the homeowners were challenging the veracity of Ms. Sanabria's signature on the note Pennymac Trust sought to enforce in

foreclosure.  Cf. VonDrasek v. City of St. Petersburg, 777 So. 2d 989, 991 n.1 (Fla. 2d DCA 2000) (quoting commentary to rule 1.110: "The contents of a pleading . . . should clearly and adequately inform the judge and the opposing party . . . of the position of the pleader").  The homeowners sufficiently alleged their denial of a signature's authenticity in their affirmative defense, and they were entitled to have that issue decided in their case.

III.

The circuit court erred when it ruled that the issue of Ms. Sanabria's signature's authenticity had not been adequately pleaded for the court's determination. Accordingly, we reverse the final judgment of foreclosure and remand this case for further proceedings.

Reversed and remanded.


CRENSHAW, J., Concurs.
KHOUZAM, J., Concurs specially with opinion.


KHOUZAM, Judge, Concurring specially.

I agree fully with the result of the majority opinion.  I write only to note that the majority's discussion of the constitutionality of section 673.3081(1) has no bearing on the outcome of this case in light of our determination that the homeowners sufficiently raised and pleaded their authenticity defense under either pleading standard.