# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-371
Lower Tribunal No. 09-61881
_____

**Yenta Polonsky,**
Appellant,

vs.

**HSBC Bank USA, N.A., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Pomeranz & Associates and Mark L. Pomeranz (Hallandale), for appellant.

Greenberg Traurig, M. Hope Keating, Karusha Y. Sharpe (Tallahassee) and Michele L. Stocker (Fort Lauderdale), for appellee.


Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant, Yenta Polonsky, appeals from a final judgment of foreclosure in favor of HSBC Bank USA, N.A. ("the Bank"). The only issued raised is whether the trial court erred in determining that Polonsky signed the note and mortgage.

The foreclosure action was commenced in August 2009, and a two-day trial was held and concluded in January 2016. During those intervening six and one-half years, appellant filed three bankruptcy petitions (all of which were eventually dismissed), necessitating that the foreclosure case be set (and reset) for trial on seven separate occasions.

In her answer to the foreclosure complaint, Polonsky made general denials and asserted ten affirmative defenses. However, nowhere in her answer or her affirmative defenses (or in any other pleading) did Polonsky ever deny or contest the validity or authenticity of her signature, or otherwise place the Bank on notice that she did not sign the note and mortgage. Instead, this issue was raised by Polonsky, for the first time, during the trial.

There can be no question that basic rules of pleading required Polonsky to place the Bank on notice that she was challenging the authenticity or validity of her signatures on the note and mortgage. See § 673.3081(1), Fla. Stat. (2009) (providing that "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."); Lipton v. S.E. First Nat'l Bank of Miami,

2

343 So. 2d 927, 928 (Fla. 3d DCA 1977) (where bank filed action on a promissory note, and trial court granted summary judgment in favor of the bank, this court affirmed, holding that the answer to the complaint contained only general denials, and "[s]ince the defensive pleadings did not specifically deny Lipton's signatures on the instruments, his signatures thereon were admitted . . . ."); <u>Riggs v. Aurora Loan Svcs., LLC</u>, 36 So. 3d 932, 933 (Fla. 4th DCA 2010) (noting that "[n]othing in the pleadings placed the authenticity of [appellant's] signature at issue"); <u>Ferris v. Nichols</u>, 245 So. 2d 660, 662 (Fla. 4th DCA 1971) (construing prior version of section 673.3081, Florida Statutes, and holding that "[h]ad the defendant desired to deny that he signed the note, he should have done so by a specific denial addressed to the appropriate allegations in the complaint"); <u>Davis v. Timeshare Travel Int'l, Inc.</u>, 489 So. 2d 47, 48 (Fla. 2d DCA 1986) (holding that "in order to make an issue of the genuineness of a signature, one must plead a specific denial addressed to the appropriate allegations of the other party").

Even in the face of this established law, the trial court exercised its discretion to permit Polonsky to present, at trial, evidence that she did not sign the note and mortgage.[1] The trial court thereafter considered all of the testimonial and

---

[1] In light of this, the ultimate burden of establishing the authenticity or validity of the signature was on the Bank, but the signature was statutorily presumed to be authentic. <u>See</u> § 673.3081(1), Fla. Stat. (2009) (providing: "If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and

documentary evidence, weighed the credibility of the witnesses, and made the factual determination that the signatures appearing on the note and mortgage were indeed those of Polonsky. We do not disturb this finding, as it supported by competent substantial evidence.

Affirmed.

---

the signer is dead or incompetent at the time of trial of the issue of validity of the signature.")