907 So.2d 1279 (2005)
Beverly Ann ROMEO, Appellant,
v.
James John ROMEO, Appellee.
No. 2D04-554.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*1280 Frederick C. Kramer, Marco Island, for Appellant.
Antonio J. Perez-Benitoa, Naples, for Appellee.
CASANUEVA, Judge.
Beverly Ann Romeo challenges a summary final judgment of dissolution of her marriage to James John Romeo.[1] We reverse.
The parties married on May 15, 1997, after entering into a written prenuptial *1281 agreement. One part of the agreement provided the following:
7.2 Marital Home; Real Estate. James currently owns a residence located at Partridge Street, Marco Island, Florida. Said property shall be the marital residence and neither party releases any claim, demand, right or other interest they may acquire in said real property, or in any other real property occupied as the marital residence. Upon the marriage of the parties, James shall convey the property to himself and Beverly as husband and wife, tenants by the entirety via Special Warranty Deed.
By 2000, Mr. Romeo had not yet fulfilled his obligation under this paragraph of the prenuptial agreement. Seeking compliance with the prenuptial agreement, Ms. Romeo brought a civil action against him and his company, Romeo Realty Corporation. (Collier County Circuit Court Case No. 00-2299). She alleged that the Partridge Street property they occupied as the marital residence had not yet been conveyed to them as tenants by the entireties as required by the prenuptial agreement and that the property was actually owned by Romeo Realty Corporation and not by Mr. Romeo, as he had represented in the prenuptial agreement. Ms. Romeo sought specific performance of Mr. Romeo's contractual obligation to convey the property to them both or, alternatively, an award of damages based on negligent misrepresentation, fraudulent inducement, and fraud. Additionally, she sought an award of damages allegedly incurred as a result of being assaulted and battered by Mr. Romeo on June 7, 2000.
The parties resolved this civil suit by entering into a joint motion and stipulation providing that the realty company would transfer the Partridge Street property to Mr. Romeo and Ms. Romeo as tenants in common. Additionally, and critical to this appeal, articles 9 and 10 of the joint motion and stipulation provided the following:
9. At the time of the execution hereof, plaintiff and James John Romeo are husband and wife. In the event that any dissolution action is commenced by either party, the other party agrees to appear and waive by usual stipulation and consent to such dissolution action provided that the contents of this joint motion and stipulation are set forth therein to the extent permitted by law.
10. That the court shall retain jurisdiction to enforce the terms and conditions of the within joint motion and stipulation to the extent permitted by law and further, that the remaining portions of plaintiff's complaint herein to the extent permitted by law shall be dismissed with prejudice and this agreement shall have the same force and effect as if plaintiff and defendant had exchanged mutual general releases.
The parties failed to reconcile, and in 2002 Ms. Romeo filed for divorce. In her amended petition for dissolution, she sought the dissolution, the restoration of her maiden name, equitable distribution of marital assets, various forms of alimony, and an award of fees and costs. Included as an integral part of the amended petition was an amended complaint for damages that asserted five counts of assault and four counts of battery occurring in or before June 2000.
Mr. Romeo answered and set forth certain affirmative defenses. Chief among these defenses was an allegation that the prior litigation, case no. 00-2299, had been resolved with an order approving a joint motion and stipulation that operated to bar *1282 Ms. Romeo's claims. Later, Mr. Romeo moved for a summary judgment on the petition for dissolution and on the nine counts of damages for assault and battery in the conjoined amended complaint. The matter was brought before a general master who heard no testimony and received no evidence; however, Mr. Romeo's counsel did represent to the general master that all terms of the joint motion and stipulation in case no. 00-2299 had been fulfilled. Based on Ms. Romeo's amended petition and complaint, Mr. Romeo's amended answer and affirmative defenses, the motion for summary judgment with the attached complaint from case no. 00-2299, the joint motion and stipulation from that earlier case, and the prenuptial agreement that Mr. Romeo's counsel faxed to him after the hearing, the general master recommended that summary judgment of dissolution be granted and that the court find that Ms. Romeo's civil counts for damages were barred by res judicata. The trial court accepted the general master's recommendation and entered an "order on recommended order" that adopted each and every finding and recommendation of the general master and ordered the parties to abide by them as if they had been found by the court itself. No findings were made relative to Ms. Romeo's claims for equitable distribution, alimony, or fees and costs. Unfortunately, we can find no evidence establishing facts in this record that support the final summary judgment.
Besides the assault and battery allegations, Ms. Romeo's amended petition for dissolution of marriage sought the kinds of relief usual in a marital dissolution action. Mr. Romeo's amended answer admitted that the parties were married to each other and that the marriage was irretrievably broken. He denied only three allegations of her amended petition: that they had accumulated savings and legal and beneficial interests in real and personal property and that his marital contributions had enhanced his nonmarital assets; that she had insufficient income and assets to provide for her needs according to the marital standard of living; and that he had the ability to pay her attorney's fees and costs. Given the issues remaining in contention, the admission that the marriage existed but was irretrievably broken does not support the entry of a final summary judgment of dissolution of marriage.[2]
Mr. Romeo's motion for summary judgment relied on language in the joint motion and stipulation filed in case no. 00-2299 that he claimed was controlling. He appended the joint motion and stipulation as well as the complaint from that action to his motion for summary judgment. He argued to the general master, as he does before us, that the operative provisions of article 9 control, despite the fact that the joint motion and stipulation contain, for example, no waiver by Ms. Romeo of alimony which she sought in her amended petition for dissolution. There is such a waiver in the prenuptial agreement, but the prenuptial agreement was not made a part of any pleading, although it was appended to an earlier, unsuccessful motion to dismiss that Mr. Romeo filed in the dissolution proceeding. At the request of the general master, Mr. Romeo's counsel faxed the prenuptial agreement to him after the hearing concluded.
*1283 The joint motion and stipulation could only resolve those matters it specifically identified: the conveyance of the Partridge Street property and the form of its title as tenants in common; that either party may choose to list the property for sale and how the proceeds of such future sale shall be distributed; who shall occupy and who shall maintain the property in the meantime; that clear title to the parties' 1999 Daewoo automobile be transferred to Ms. Romeo; that Mr. Romeo provide Ms. Romeo with medical insurance for three years; that Mr. Romeo pay $10,000 of Ms. Romeo's legal expenses; that certain furniture be distributed in a certain manner; and that Ms. Romeo move to cancel and annul Collier County Circuit Court Case No. 00-5383, a pending civil domestic violence case against Mr. Romeo that resulted in a permanent injunction. The joint motion and stipulation clearly contemplate that the parties shall do these actions in the immediate future and, as pointed out in article 9, the contents of the joint motion and stipulation are to be made known in any subsequent action for dissolution of marriage.
Mr. Romeo insists that the operative phrase of article nine  "In the event that any dissolution action is commenced by either party, the other party agrees to appear and waive by usual stipulation and consent to such dissolution action provided that the contents of this joint motion and stipulation are set forth therein to the extent permitted by law"  controls the outcome of all Ms. Romeo's claims, including equitable distribution, alimony, and fees and costs. But we cannot read its plain language so broadly. On its face the stipulation suggests only that in the event one party petitions for dissolution, the other party will not contest the dissolution. Perhaps the parties might have contemplated that their agreement reached further, but they did not reduce those thoughts to writing. This further suggests that parol evidence is needed to discern how this agreement was meant to operate.
The motion for summary judgment was signed by Mr. Romeo's counsel. Its factual allegations were not sworn to by Mr. Romeo nor did he submit an affidavit in support of the motion. Mr. Romeo correctly asserts that supporting affidavits are not required. Florida Rule of Civil Procedure 1.510(b)[3] expressly provides that a party against whom a claim is asserted may move for a summary judgment "with or without supporting affidavits." However, to be entitled, as a matter of law, to a summary judgment the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any" must demonstrate there is no genuine issue as to any material facts and those facts entitle the movant to a judgment. See Fla. R. Civ. P. 1.510(c). Because a summary judgment results in the conclusion of a lawsuit without a trial on the merits, the record must unquestionably demonstrate a factual basis upon which the summary judgment is premised. Here, the record contains only two potential sources of fact: the parties' initial pleadings (petition and answer) and a notice of filing two exhibits. The record contains no depositions, admissions, or affidavits. There is absolutely no factual support for a finding that Ms. Romeo waived all entitlement to equitable distribution, *1284 alimony, or fees and costs.[4]
Although there are several means by which the prenuptial agreement and the complaint and joint stipulation from case no. 00-2299 could support a finding that no material facts remain in dispute, the record discloses that no such method was used: no judicial notice of these instruments was taken; there was no request for admission as to these documents; and the copies were not certified. Mr. Romeo's counsel did not move to admit these documents at the hearing before the general master. The general master did ask that Mr. Romeo's counsel send to him a copy of the prenuptial agreement and we assume this was done, but no witness appeared at the hearing to authenticate the two documents filed earlier or the prenuptial agreement, and the general master heard only argument of counsel. More importantly, no document before the general master at the hearing purported to establish the present state of the facts. Mr. Romeo's counsel argued that all the actions contemplated in the joint motion and stipulation had been accomplished, but it is black letter law that argument of counsel does not constitute evidence. Clearly, these instruments cannot constitute a basis for summary judgment. Without the necessary foundation demonstrating lack of material facts in dispute, it was error for the general master to recommend and the trial court to adopt the legal conclusion that Mr. Romeo is entitled to summary judgment.
Because it is likely that another summary judgment proceeding may take place, we caution practitioners to strictly adhere to the requirements of rule 1.510(c). A motion for summary judgment must state with particularity the grounds upon which it is based and the substantial matters of law to be argued. Here, the motion sought to identify several matters of law  e.g., whether a cause of action was barred by the statute of limitations and whether the joint motion and stipulation operated as a release of all marital claims  with minimal supporting grounds relevant to each. We believe that the better practice is for each of these matters to be identified in the motion with the factual and legal ground individually set forth thereafter so that the opposing party and the court are properly placed on notice of the separate issues to be resolved and why the movant is entitled to summary judgment.
We reverse the final judgment of dissolution and remand for further proceedings.
FULMER, C.J., and LaROSE, J. Concur.
NOTES
[1] No children were born of the parties' marriage.
[2] This evidence could have supported a dissolution of the bonds of matrimony alone, leaving for later resolution the disputed issues of equitable distribution, alimony, fees and costs, and the charges of assault and battery. However, the case did not evolve in that manner and reaches us as described above.
[3] Florida Rule of Family Law 12.510 states that summary judgments in family law cases shall be governed by Florida Rule of Civil Procedure 1.510.
[4] We underscore that we are not finding that Ms. Romeo is entitled to equitable distribution, alimony, or costs and fees. Our holding is limited to our conclusion that Mr. Romeo has not met the requirements for a summary judgment in his favor.