WARNER, J.
The ex-husband challenges a family law hearing officer’s determination, accepted by the trial court, that he was not entitled to an award of attorney’s fees for his successful petition for modification of child support. The parties’ divorce settlement agreement contained a provision which required payment of fees by thé unsuccessful party in post-judgment litigation. The hearing officer determined that the ex-wife, who had filed a counterpetition for various relief, was not unsuccessful because during the litigation the ex-husband had complied with the obligations under the settlement agreement, which were the grounds for her counterpetition.
On appeal, the ex-husband argues that he should have been awarded fees on his modification action which was separate from the ex-wife’s counterpetition, citing to Folta v. Bolton, 493 So.2d 440 (Fla.1986). However, he failed to raise this issue at trial. Although the ex-husband objected to the magistrate’s denial of attorney’s fees, in his exceptions to the magistrate’s report he does not make the precise argument that the modification issue was a separate and distinct claim. Therefore, his argument is not preserved for appeal. See Nicholas v. First Interstate Dev. Corp., 315 So.2d 238, 240 (Fla. 4th DCA 1975).
During the course of the proceedings, the trial court awarded the ex-wife temporary attorney’s fees. Part of the ex-husband’s request for fees asked for reimbursement of the temporary fees he paid the ex-wife. Because at the final hearing, the trial court found that neither party was “unsuccessful” within the meaning of the settlement agreement, the ex-wife also was not entitled to attorney’s fees. Therefore, we reverse to the extent that the trial court should have required the ex-wife to reimburse the ex-husband for the award of temporary fees.
Affirmed in part; reversed in part.
MAY, J., and SWEET, GARY L., Associate Judge, concur.