SALCINES, Judge.
Marcella D. Rimes petitions this court for writs of certiorari regarding multiple rulings made by the circuit court in a single order. She also petitions this court for a writ of prohibition. For the reasons explained below, we decline to grant her petitions.
The order which is the subject of Ms. Rimes’ petitions was entered by the circuit court and contains two distinct rulings. In the order, the circuit court denied Ms. Rimes’ motion to remove a parenting coordinator. The circuit court also denied Ms. Rimes’ petition for writ of prohibition which challenged the authority of Judge Don Hall to preside over ongoing postdis-solution matters.
Ms. Rimes correctly asserts that the only vehicle by which this court may review the portion of the order denying her motion to remove the assigned parenting coordinator is a petition for writ of certio-rari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A). Ms. Rimes has failed to demonstrate, however, that she meets the stringent requirements for entitlement to certiorari relief notwithstanding the serious allegations she lodged against the assigned parenting coordinator. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995) (explaining the three-prong test which must be met before an appellate court can grant relief from an erroneous interlocutory order). Thus, we dismiss her petition for writ of certiorari.
With respect to the portion of the circuit court’s order denying her petition for writ of prohibition in regard to the judicial assignment of Judge Hall, Ms. Rimes seeks relief by petition for writ of certiora-ri or through an original petition for writ of prohibition. In her petition for writ of prohibition filed with the circuit court, Ms. Rimes asserted, in part, that Judge Hall, who was a DeSoto County judge at that time, was improperly acting as a de facto circuit judge because the chief judge of the judicial circuit had not entered an administrative order assigning Judge Hall to preside over the case. In denying Ms. Rimes’ petition for writ of prohibition, the circuit court found that Judge Hall had been appointed by administrative order to preside over the case in an appointment which had been renewed every six months. Although counsel argued to the circuit court that he had been unable to find an administrative order appointing Judge Hall, no evidence was presented to demonstrate that Judge Hall had not been properly assigned to hear this case. See Romeo v. Romeo, 907 So.2d 1279, 1284 (Fla. 2d DCA 2005) (stating “it is black letter law that argument of counsel does not constitute evidence”).
Ms. Rimes now asserts, in her original petition for writ of. prohibition, that the circuit court acted in excess of its jurisdiction. She maintains that by denying her amended motion for writ of prohibition, the circuit court effectively assigned or reassigned the case on a permanent basis to Judge Hall without the authority to do so. The circuit court’s order, however, did not assign the matter to Judge Hall on a permanent basis. It merely recognized that Judge Hall had been assigned by administrative order.
Ms. Rimes has not demonstrated that she meets the requirements which would allow this court to issue either a writ of certiorari or a writ of prohibition. Additionally, even if reviewed as an appeal from a final order denying a petition for writ of prohibition, reversible error has not been shown. Ms. Rimes simply failed to *772 present sufficient evidence to support her claim that Judge Hall had not been properly assigned to preside over the case.
Petition for writ of certiorari dismissed; petitions for writ of prohibition or writ of certiorari denied.
CASANUEVA and SILBERMAN, JJ., Concur.