PER CURIAM.
Paula Kunsman appeals the trial court’s order denying her exceptions to a general magistrate’s report on her motions for contempt and enforcement and on Joel Wall’s motion for enforcement and amendment to his motion for enforcement and for other relief. Kunsman raises twenty-two points of error in the magistrate’s report. We affirm on all issues raised except the following: ■
1) The magistrate awarded Wall $1010 in attorney’s fees and costs pursuant to sections 57.105(1) and (2) and section 61.16, Florida Statutes, (2011), holding Kunsman’s actions forced Wall to file a motion to compel delivery of a quit-claim deed for her share of the marital home as required by the marital settlement agreement. Wall sought sanctions for having to file a motion to enforce the final judgment, but did not pleaded the statute under which he sought fees in his original motion. Although Wall plead sections 57.105 and 61.16 as a basis for his entitlement to fees in his amendment to his motion to enforce, he sought fees only for Kunsman’s filing of frivolous motions in the amendment, not for her actions in refusing to sign the deed. The magistrate erred in awarding fees because Wall did not plead the basis for his entitlement to fees in his original motion to enforce. See Stockman v. Downs, 573 *870 So.2d 835, 838 (Fla.1991). Further, in regard to section 57.105 fees, Wall failed to provide Kunsman with twenty-one days notice as required by section 57.105(4), Florida Statutes. Therefore, we strike the award of attorney’s fees.
2) The magistrate held two withdrawals made by Wall from joint checking accounts, totaling $4600, were used to pay marital obligations and thus were not subject to equitable distribution. At trial, Wall presented evidence that $1400 was used to pay for the minor child’s attorney in a criminal case, and $728.60 was spent on tuition for an adult child. Wall’s attorney then explained that the remainder of the money was spent by Wall on miscellaneous family expenses. We find no error in determining the $1400 was spent on marital obligations.
Regarding the payment of tuition to an adult child, the marital settlement agreements or temporary support order did not require Wall to pay the adult sons tuition. “Any duty a parent has to pay an adult child’s college expenses is moral rather than legal.” Riera v. Riera, 86 So.3d 1163, 1167 (Fla. 3d DCA 2012) (citing Grapin v. Grapin, 450 So.2d 853, 854 (Fla.1984)).[1] This court has previously held that “since a parent has no obligation to support a grown child, any expenses associated with that child are not properly considered in awarding alimony.” Coniglio v. Coniglio, 969 So.2d 579, 580 (Fla. 4th DCA 2007). It follows that since there is no legal obligation to support a grown child (absent a contractual arrangement not present here), Wall’s expenditure of marital funds on the adult child should not have been considered a marital obligation, and the $728.60 in marital funds spent by Wall should be equitably divided.
Regarding the remaining $2471.40 for miscellaneous family expenses, the only evidence showing how these marital funds were spent was argument of counsel, “argument of counsel does not constitute evidence.” Romeo v. Romeo, 907 So.2d 1279, 1284 (Fla. 2d DCA 2005). Thus, we remand for the trial court to equitably divide the $728.60 spent on the adult son’s tuition and the $2471.40 spent on miscellaneous family expenses.
3) The magistrate awarded Kuns-man half of Wall’s state pension, DROP (Deferred Retirement Option Plan) fund, and sick leave based on their value on the day the petition for dissolution was filed, but ruled Kunsman is not entitled to receive these monies until Wall retires and the monies are disbursed to him. Kuns-man argues the magistrate failed to award interest on these monies from the date of the petition for dissolution until Wall retires. We agree only that Kunsman is entitled to accumulated interest and cost-of-living adjustments on her share of the DROP fund when it is disbursed. Russell v. Russell, 922 So.2d 1097, 1099 (Fla. 4th DCA 2006); Swanson v. Swanson, 869 So.2d 735, 738 (Fla. 4th DCA 2004). We remand for the trial court to correct the DROP fund award to include interest and cost-of-living adjustments.

Affirmed in part, reversed in part, and remanded.

POLEN, GROSS and CONNER, JJ„ concur.

. A parent may be obligated to pay an adult child's college expenses pursuant to a marital settlement agreement. Such an obligation is not child support, but a contractual obligation. Riera, 86 So.3d at 1168 (citing Sutton v. Sutton, 701 So.2d 370, 372 (Fla. 2d DCA 1997)).