NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN J. BENZ and TRICIA McLAGAN,      )
                                      )
         Appellants,                  )
                                      )
v.                                    )      Case No. 2D13-974
                                      )
FEDERAL HOME LOAN MORTGAGE            )
CORP.,                                )
                                      )
         Appellee.                    )
_____ )

Opinion filed August 22, 2014.

Appeal from the Circuit Court for Polk
County; Ellen S. Masters, Judge.

C. Michael Duncan of Duncan Law
Offices, P.A., Tavares, for Appellants.

Edward J. O'Sheehan of Shutts & Bowen,
LLP, Fort Lauderdale, for Appellee.


NORTHCUTT, Judge.

        John Benz and Tricia McLagan, husband and wife, appeal a final

summary foreclosure judgment in favor of Federal Home Loan Mortgage Corp. (Freddie

Mac).  We reverse because the record fails to resolve material issues of fact regarding

Freddie Mac's standing.

        Freddie Mac filed the mortgage foreclosure action against Benz,

McLagan, and others on March 11, 2009.  The complaint alleged that the note and

mortgage were recorded in January 2005 and that the mortgage was subsequently assigned to Freddie Mac "by virtue of an assignment to be recorded." The complaint attached a copy of the mortgage only and included a count to establish a lost, destroyed, or stolen note and mortgage. National City Mortgage Co. was the lender identified in the mortgage; Benz and McLagan were identified as the borrowers. In a motion to dismiss, the borrowers asserted, in part, that Freddie Mac was not the mortgagee.

Freddie Mac eventually filed an amended complaint dropping the count to establish a lost note and mortgage and alleging that the mortgage was assigned to it "by virtue of an assignment recorded on August 31, 2009." The attached assignment reflected that it was executed on August 5, 2009, after the foreclosure action was filed, and recorded on August 31, 2009. The assignment stated that the mortgage was assigned to Freddie Mac c/o National City Bank "as of the 3RD day of March, 2009," eight days before the foreclosure action was filed. It was executed by a vice president of National City Bank, successor by merger to National City Mortgage Co. The amended complaint attached a copy of the note this time, but not the mortgage. The note bore an undated endorsement in blank by National City Mortgage Co.

Freddie Mac and the borrowers ultimately filed competing motions for summary judgment. The borrowers' motion attacked Freddie Mac's standing at the time the original complaint was filed. After a hearing, the circuit court granted summary judgment for Freddie Mac, specifically rejecting the borrowers' challenge to standing.

Summary judgment is governed by Florida Rule of Civil Procedure 1.510, which provides in part that judgment "shall be rendered forthwith if the pleadings and

- 2 -

summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). We review summary judgments de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

The borrowers argue that the record does not conclusively show that Freddie Mac had standing at the time it filed the original complaint on March 11, 2009. Freddie Mac first responds that the issue is not preserved because the borrowers did not raise lack of standing as an affirmative defense. While that may have been preferable, the issue was nevertheless raised before the circuit court. As this court has explained, the issue of standing may be raised by motion rather than by pleading an affirmative defense.

> [W]e reject the University's argument that because Maynard did not raise standing as an affirmative defense prior to trial, he waived the issue. . . . [T]he pertinent question is whether the issue was raised at the trial court, not how it was raised . . . . [S]tanding may not be raised for the first time on appeal; however, it does not necessarily require that standing be raised only by means of an affirmative defense.

Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla., 998 So. 2d 1201, 1206 (Fla. 2d DCA 2009) (citations omitted).

The borrowers' answer denied the allegations of the amended complaint that pertained to standing, they raised lack of standing in a motion for summary judgment, and they argued lack of standing in a memorandum filed in opposition to Freddie Mac's motion for summary judgment. Thus, the standing issue was argued to and directly rejected by the circuit court, and we conclude that it was preserved for appeal.

On the merits, we reverse. Freddie Mac filed a note endorsed in blank by the original lender, National City Mortgage Co. But the endorsement was undated, and the note was not filed with the original complaint. Freddie Mac points out that National City Mortgage merged out of existence in 2008; the endorsement necessarily predated that event. But this does not mean that Freddie Mac obtained the note in 2008. Nothing in the record shows when Freddie Mac obtained the note; specifically, the record does not establish that it held the note when it filed the foreclosure action in March 2009.

Further, the document assigning the mortgage to Freddie Mac was executed and recorded several months after the foreclosure action commenced, although it recited an effective date just prior to the date the complaint was filed. The Fourth District has explained that two competing inferences may be drawn from an assignment that prescribes an earlier effective date: that the subject of the assignment was equitably transferred on the stated effective date, or that the parties to the transfer "were attempting to backdate an event to their benefit." Vidal v. Liquidation Props., Inc., 104 So. 3d 1274, 1277 (Fla. 4th DCA 2013) (reversing summary judgment of foreclosure because the record did not reflect as a matter of law the plaintiff's standing on the date the complaint was filed).

The record in this case fails to demonstrate Freddie Mac's standing on the date the complaint was filed. Accordingly, we reverse the summary judgment. See Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308 (Fla. 2d DCA 2013) (reversing summary judgment of foreclosure when there was a genuine issue of material fact regarding the bank's standing at the time the complaint was filed; standing not

established by either bank's subsequent filing of assignment dated after complaint filed or bank's filing of note endorsed in blank but undated and not submitted until several months after complaint was filed).  Our decision renders moot the second issue on appeal.

Reversed and remanded for further proceedings.


CASANUEVA and WALLACE, JJ., Concur.