NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


YOGENDRA S. DHANIK and BHARTI )
Y. DHANIK, )
                                        )
            Appellants, )
                                        )
v.                                      )        Case No.  2D13-5292
                                        )
HSBC BANK USA, NATIONAL )
ASSOCIATION, as Trustee for LUMINENT )
MORTGAGE TRUST 2007-2, )
                                        )
            Appellee. )
_____ )


Opinion filed September 9, 2016.

Appeal from the Circuit Court for Pasco
County; William H. Burgess, III, Judge.

Michael E. Rodriguez of Foreclosure
Defense Law Firm, P.L., Tampa, for
Appellants.

Dean A. Morande and Michael K. Winston
of Carlton Fields Jorden Burt, P.A., West
Palm Beach, for Appellee.


LaROSE, Judge.


            Yogendra and Bharti Dhanik appeal a final judgment of foreclosure.  The

Dhaniks argue, and HSBC Bank USA concedes, that the bank failed to present

sufficient trial evidence of standing at the time it filed the complaint.

"This court reviews the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*" Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1040 (Fla. 4th DCA 2015).

"A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed." Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015) (quoting Keifert v. Nationstar Mortg., LLC, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)). "If the plaintiff is not the payee of the original note, the plaintiff must also prove that the original note contains an [e]ndorsement in favor of the plaintiff (special [e]ndorsement) or an [e]ndorsement in blank." Id. To establish standing, the endorsement "must have been made prior to the filing of the lawsuit." Id.

Although the bank attached a copy of the mortgage and note to the complaint, those copies lacked any endorsement to the bank or a blank endorsement. The note introduced at trial contained a blank endorsement. However, the bank offered no evidence as to when the blank endorsement was placed on the note. Thus, there was no evidence before the trial court that the bank had standing at the time the foreclosure complaint was filed. "The bank's failure to prove a prima facie case warrants dismissal." May v. PHH Mortg. Corp., 150 So. 3d 247, 249 (Fla. 2d DCA 2014).

As in Russell and May, we reverse and remand for the trial court to enter an order of involuntary dismissal based on the bank's lack of standing at the time it filed the complaint.

Reversed and remanded with instructions.

NORTHCUTT and SLEET, JJ., Concur.