NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GREGORY J. WINCHEL,                  )
                                     )
        Appellant,                   )
                                     )
v.                                   )   Case No. 2D15-5601
                                     )
PENNYMAC CORP.; MORTGAGE             )
ELECTRONIC REGISTRATION              )
SYSTEMS, INC., AS NOMINEE FOR        )
AMERICA'S WHOLESALE LENDER;          )
UNKNOWN TENANT #1 N/K/A MATT         )
BOTTORFF; and UNKNOWN TENANT         )
#2 N/K/A JENNIFER EARLY,             )
                                     )
        Appellees.                   )
_____)

Opinion filed July 7, 2017.

Appeal from the Circuit Court for Charlotte
County; Michael T. McHugh, Chief Judge.

Kenneth Eric Trent of Trent Law Office,
Fort Lauderdale, for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and Eric
M. Levine of Akerman LLP, West Palm
Beach, for Appellee Pennymac Corp.

No appearance for remaining Appellees.


SALARIO, Judge.

Gregory Winchel appeals from a final judgment of foreclosure in favor of PennyMac Corp. The judgment was rendered after the trial judge approved the report and recommendations of a foreclosure magistrate following a nonjury trial at which Mr. Winchel was not represented because his counsel failed to appear. Because Pennymac failed to prove its standing at the inception of the case—a matter as to which it bore the burden of proof—we are required to reverse.

This case began when JPMorgan Chase Bank filed a complaint to reestablish a lost note under which Mr. Winchel was the borrower and to foreclose a mortgage that secured his obligations under the note. It alleged that JPMorgan had the right to enforce the note, which it either had at the time the note was lost or acquired from someone else who did. It also attached copies of a note and mortgage naming America's Wholesale Lender as the lender and an assignment of the note and mortgage from Mortgage Electronic Registration Systems as nominee for America's Wholesale Lender to Countrywide Home Loans, Inc. Because those attachments did not say anything about JPMorgan, however, they did not, standing alone, bear out its allegations concerning its right to enforce the note.

Over a year later, a purported original of the note was filed. That note was identical to the copy attached to the complaint, except that it contained a blank, undated indorsement signed by Countrywide. Not long thereafter, JPMorgan filed a motion to substitute PennyMac as the plaintiff. It alleged that the note and mortgage had been transferred and assigned to PennyMac and included an attached assignment of the mortgage, but not the note, from JPMorgan to PennyMac. The motion was granted. Although the complaint was never amended to delete the claim to reestablish a lost note, it is clear that from the time PennyMac was substituted, the case proceeded on

the theory that PennyMac was entitled to enforce the note not because it was entitled to do so under the lost note statute, but rather because it was either the holder of the note or a nonholder in possession of the note with the rights of a holder.[1] See § 673.3011, Fla. Stat. (2012) (defining persons entitled to enforce a negotiable instrument as a holder, a nonholder in possession with the rights of a holder, or a person not in possession entitled to enforce under the lost note or mistake statutes).

Mr. Winchel then filed an answer in which he alleged as an affirmative defense a lack of standing at the time the complaint was filed—what is commonly called a defense of "no standing at inception."[2] Thereafter, the trial judge entered an order referring the case to a foreclosure magistrate to conduct a nonjury trial, see Fla. R. Civ. P. 1.491, and scheduling that trial for a date and time certain.

Mr. Winchel's attorney did not appear at the trial. The court minutes reflect that the case was called at the scheduled time and again fifteen minutes later, with plans to proceed without the attorney once it was called a third time. Meanwhile, Mr. Winchel's attorney's office filed an emergency motion to continue—alleging that a member of his staff incorrectly informed the attorney of his schedule for the day of trial, that the attorney was at that moment driving across the state to the courthouse, and that the attorney was having difficulty with a low tire during the trip. It is not clear when or if the attorney made it to the courthouse that day, but when the case was called for the

---

[1]At the trial, PennyMac's counsel agreed to dismiss the lost note count. Best practices, however, would have included the timely filing of an amended complaint that deleted the lost note count and that stated the basis of PennyMac's authority to enforce the note once the original was located and transferred to it.

[2]The answer was not filed earlier because Mr. Winchel had filed a motion to dismiss the complaint which postponed the filing of the answer until the motion was decided. See Fla. R. Civ. P. 1.140(a)(3).

third time, the attorney was absent, and the magistrate denied the emergency motion to continue and conducted a nonjury trial with only PennyMac's counsel participating.

PennyMac's trial evidence consisted of the testimony of a single witness through whom three documents were admitted: (1) a limited power of attorney from JPMorgan to PennyMac giving PennyMac authority to foreclose certain mortgage loans identified in a separate loan purchase and servicing agreement, (2) an acceleration notice informing Mr. Winchel that he was in default, and (3) Mr. Winchel's loan payment history. There was, however, no evidence presented to show that JPMorgan was entitled to enforce Mr. Winchel's note at the time the complaint was filed. The original note—which was not admitted into evidence but that the magistrate recognized was in the court file—bore an undated indorsement in blank. PennyMac did not produce testimony or documents showing when JPMorgan came into possession of the note or, if it was a nonholder in possession, when it acquired the rights of a holder to enforce the note.

After the trial, the magistrate issued a report finding that PennyMac proved its case and recommending entry of a proposed final judgment of foreclosure tendered by PennyMac at trial. Mr. Winchel filed exceptions to the report and recommendations, see Fla. R. Civ. P. 1.490(i), (j); 1.491(f), arguing that the magistrate lacked authority to deny his emergency motion to continue. After a hearing, the trial judge rendered orders overruling Mr. Winchel's objections and approving the report and recommendations. A final judgment of foreclosure was separately entered.

In this timely appeal, Mr. Winchel asserts that the judgment should be reversed both because PennyMac failed to prove standing at the inception of the case and because the magistrate lacked authority to deny his emergency motion to continue.

- 4 -

We agree that PennyMac failed to prove standing at inception and, because we reverse on that basis, do not address Mr. Winchel's argument concerning the requested continuance. On the standing issue, our review is de novo. See St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015).

As defenses go, standing has become something of a legal oddity. We treat it as an affirmative defense in that the defendant must put it in play by raising it in an appropriate pleading—ordinarily, the answer.[3] See Dage v. Deutsche Bank Nat'l Tr. Co., 95 So. 3d 1021, 1024 (Fla. 2d DCA 2012) ("[L]ack of standing is an affirmative defense that must be raised by the defendant and the failure to raise it generally results in waiver." (alteration in original) (quoting Phadael v. Deutsche Bank Tr. Co. Ams., 83 So. 3d 893, 895 (Fla. 4th DCA 2012))); see also Fla. R. Civ. P. 1.110(d) (requiring that affirmative defenses be pleaded in the answer). Yet once injected into a case by a defendant's pleading, we say that it must be proved at trial by the plaintiff. See Dickson v. Roseville Props., LLC, 198 So. 3d 48, 50 (Fla. 2d DCA 2015); May v. PHH Mortg. Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014). Once put at issue by a defendant, then, standing becomes a part of the prima facie case that a foreclosure plaintiff must prove in order to secure a judgment. See Dhanik v. HSBC Bank USA, Nat'l Ass'n, 210 So. 3d 113, 115 (Fla. 2d DCA 2016).

---

[3]But see McLagan v. Fed. Home Loan Mortg. Corp., 145 So. 3d 943, 945 (Fla. 2d DCA 2014) (holding that standing was sufficiently raised when defendant denied standing allegations in complaint, raised standing in a motion for summary judgment, and argued standing in response to plaintiff's motion for summary judgment, which resulted in the summary judgment on appeal (citing Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla., 998 So. 2d 1201, 1206 (Fla. 2d DCA 2009))).

Because the count to reestablish a lost note fell out of the case, PennyMac's standing hinged on whether it and its predecessor in interest were the holders of Mr. Winchel's note or nonholders in possession with the rights of a holder. See § 673.3011(1), (2); Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015). PennyMac was required by law to prove standing under either theory both at the time of trial and also at the inception of the case. See Powers v. HSBC Bank USA, N.A., 202 So. 3d 121, 122-23 (Fla. 2d DCA 2016). Because PennyMac was substituted as plaintiff for JPMorgan after the complaint was filed, proof of standing at inception required proof that JPMorgan had standing when it filed the complaint. See Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015).

There was a complete absence of any such evidence here. Because no one has argued otherwise, we assume that the magistrate properly considered the purported original note in the court file. But see Heller v. Bank of Am., N.A., 209 So. 3d 641, 644 (Fla. 2d DCA 2017). That note, however, was filed after the complaint was filed, did not show that JPMorgan was the original lender, and bore an undated, blank indorsement. There was no testimony or other evidence to explain when the indorsement was placed on the note. As such, PennyMac failed entirely to show that the note had been indorsed at the time the complaint was filed or that JPMorgan was in possession of the note at that time. It thus failed entirely to prove that JPMorgan was either a holder or a nonholder in possession at the inception of the case. See Phan v. Deutsche Bank Nat'l Tr. Co., 198 So. 3d 744, 747 (Fla. 2d DCA 2016) ("Under the law, without the requisite proof of possession at the time a foreclosure action is commenced, the plaintiff's status as the holder of the note—and, hence, its authority to enforce the note in foreclosure—remains unproven, and its complaint untenable." (citing Focht v.

Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013))); Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 190 (Fla. 2d DCA 2016) (en banc) ("Though Bank of America later filed the original note and mortgage along with an assignment, these documents did not establish standing at the time the original complaint was filed because the endorsement was undated and the assignment was dated after the original complaint was filed.").

There was nothing else in PennyMac's trial evidence to show that JPMorgan had standing at inception under any theory.  Having been set with the burden to prove standing at inception once Mr. Winchel pleaded it as an affirmative defense, PennyMac failed to carry it, and the final judgment must be reversed.  See, e.g., Jallali v. Christiana Tr., 200 So. 3d 149, 151-53 (Fla. 4th DCA 2016) (reversing foreclosure judgment based on plaintiff's failure to prove standing at inception where, as here, the defendant failed to appear at trial).

PennyMac argues that all of this is academic because Mr. Winchel did not object to its proof of standing at inception at the trial (he was not there) or in his exceptions to the magistrate's report and recommendations.  As such, it says that Mr. Winchel failed to preserve this issue for appeal.  See Franklin v. Patterson-Franklin, 98 So. 3d 732, 738 (Fla. 2d DCA 2012) (discussing requirement that appellate grounds be preserved by timely objection in the trial court).  Under Florida Rule of Civil Procedure 1.530(e), however, Mr. Winchel was not required to object in order to raise the sufficiency of PennyMac's proof of standing on appeal.  Rule 1.530(e) provides as follows:

> When an action has been tried by the court without a
> jury, the sufficiency of the evidence to support the
> judgment may be raised on appeal whether or not the

> party raising the question has made any objection
> thereto in the trial court or made a motion for
> rehearing, for new trial, or to alter or amend the
> judgment.

Under the plain language of the rule, when there has been a nonjury trial and the appellate issue is the sufficiency of the evidence to support the judgment, the failure to object based on the insufficiency of the evidence will not bar raising that issue on appeal. See, e.g., Correa v. U.S. Bank Nat'l Ass'n, 118 So. 3d 952, 954-55 (Fla. 2d DCA 2013) (holding that foreclosure defendant's failure to object to sufficiency of the evidence to support reestablishment of lost note in the trial court did not bar raising the issue on appeal). There is, of course, no question that this was a nonjury trial. Furthermore, as explained above, when Mr. Winchel raised standing in his answer, PennyMac became obligated to prove the standing it asserted in order to win a judgment in the trial court. As such, the appellate issue Mr. Winchel raises goes to the sufficiency of the evidence to support a judgment. See, e.g., Delia v. GMAC Mortg. Corp., 161 So. 3d 554, 555 n.1 (Fla. 5th DCA 2014) (applying rule 1.530(e) to hold that foreclosure defendant's failure to object at nonjury trial to plaintiff's standing did not preclude the appeal because it was an issue of sufficiency of the evidence); Lacombe v. Deutsche Bank Nat'l Tr. Co., 149 So. 3d 152, 153 (Fla. 1st DCA 2014) (same). For that reason, his failure to object in the trial court—whether during the nonjury trial or by way of exceptions to the magistrate's report and recommendations—does not prohibit him from raising the issue on appeal.[4]

---

[4]PennyMac cites Rosen v. Wilson, 922 So. 2d 401 (Fla. 4th DCA 2006), for the proposition that when a specific objection is not included in a party's exceptions to a magistrate's report and recommendations, the issue not specifically objected to is unpreserved for appeal. However, that case did not involve a challenge to the

PennyMac argues, however, that a nonjury trial before a foreclosure magistrate is not a trial before "the <u>court</u> without a jury" within the meaning of rule 1.530(e) (emphasis added).  The premise of this argument is that a proceeding before a magistrate without a jury is not a nonjury trial before "the court," even though the results of the proceeding are reviewed by and a final judgment is entered by a trial judge.  We disagree.  A foreclosure magistrate is appointed by the chief judge of a circuit as necessary to "expeditiously preside over all actions and suits for the foreclosure of a mortgage on residential real property."  Fla. R. Civ. P. 1.491(a).  The magistrate may conduct those duties only with the consent of the parties, pursuant to an order referring a matter to the magistrate, and under the supervision of the court.  Fla. R. Civ. P. 1.490(d); 1.491(b), (c).  That is what happened here; the trial judge made an order referring the case to the foreclosure magistrate for the purpose of conducting a nonjury trial, and the parties (including PennyMac) consented to the magistrate's doing so.  Under the rules and order referring the case to her, the magistrate conducted the nonjury trial on the court's behalf and as its officer.  Cf. <u>Burns v. Burns</u>, 13 So. 2d 599,

---

sufficiency of the evidence in a nonjury trial; it involved a putative legal error in a magistrate's determination that a party was not entitled to attorney's fees.  <u>Id.</u> at 402.  As such, rule 1.530(e)'s exception to the general rules of preservation, which applies in this case, could not have applied in <u>Rosen</u>.  Because here rule 1.530(e) excuses Mr. Winchel's failure to object in the trial court, we need not consider the potential tension between <u>Rosen</u> and other cases that have held that a failure to file any exceptions to a magistrate's report and recommendations does not prohibit raising appellate issues embedded in it.  <u>See, e.g.</u>, <u>P.P. v. Dep't of Children & Family Servs.</u>, 86 So. 3d 556, 560 (Fla. 2d DCA 2012) (holding that the failure to file exceptions to a report and recommendations in the juvenile context did not bar raising an issue on appeal); <u>U.S. Bank Nat'l Ass'n v. Grant</u>, 180 So. 3d 1092, 1093 (Fla. 4th DCA 2015) ("We have considered and reject the Association's argument that the Bank's failure to file exceptions to the special master's report precludes appellate review."); <u>Apsoft, Inc. v. WebClay</u>, 983 So. 2d 761, 764 n.1 (Fla. 5th DCA 2008) (holding that failure file exceptions at all does not bar raising appellate issues).

602 (Fla. 1943) (describing a special master, the precursor to the magistrate, as "a highly important and responsible officer of the court, acting for and under the appointment of the court, and vested with considerable authority of a judicial nature"). She was acting for the court for purposes of conducting the nonjury trial, and that trial was thus a trial before "the court" within the meaning of rule 1.530(e). Furthermore, the trial court entered the final judgment of foreclosure without jury findings by adopting the findings and recommendations it had tasked the magistrate to make. That is by definition a type of judgment entered by a trial court upon a nonjury trial, as are all judgments in judicial foreclosures in Florida.

Finally, PennyMac asserts that our decision in Sanabria v. PennyMac Mortgage Investment Trust Holdings I, LLC, 197 So. 3d 94 (Fla. 2d DCA 2016), holds that notwithstanding rule 1.530(e), a foreclosure defendant must raise the sufficiency of the plaintiff's evidence on standing at inception at trial in order to preserve it for appeal. PennyMac stretches that case too far. Anything Sanabria said about preservation and standing was dicta. The foreclosure defendant there secured a reversal on grounds that the trial court refused to consider whether a signature on a note was authentic based on an erroneous ruling that the issue had been insufficiently pleaded. Id. at 98. Our statements that he failed to preserve a different ground for reversal related to standing, id. at 95 & n.1, did not control the outcome. See, e.g., Shipley v. Belleair Grp., Inc., 759 So. 2d 28, 29 (Fla. 2d DCA 2000) (characterizing statement in earlier decision as dictum where the case was resolved on a different basis). Moreover, the limited discussion of standing in Sanabria does not say what the nature of the standing issue raised on appeal was—sufficiency of the evidence, which would have been subject to rule 1.530(e), or something else, which might have otherwise required preservation—

- 10 -

and does not say whether the defendant-appellant argued rule 1.530 on appeal as a basis for not objecting in the trial court. For these reasons, we decline PennyMac's invitation to read Sanabria as holding that rule 1.530(e) contains an exception, completely missing from its text, for sufficiency challenges when the underlying issue is standing in a foreclosure case.

PennyMac failed to meet its burden of proving at trial that JPMorgan had standing when it filed the complaint. That requires us to reverse. We do not ordinarily give a party who has failed to prove its case at trial a do-over by remanding for retrial. Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 283 (Fla. 2d DCA 2014) (citing Correa, 118 So. 3d at 956). Seeing no principled basis to depart from that rule here, we remand for entry of judgment in Mr. Winchel's favor.[5] See, e.g., Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc., 955 So. 2d 1124, 1131 (Fla. 4th DCA 2007) (reversing and remanding for entry of judgment where plaintiff failed to meet its burden of proof on issue where it bore that burden).

Reversed; remanded with instructions.

---

[5]In foreclosure cases where standing at inception has not been proven, we ordinarily have remanded for entry of an order of involuntary dismissal. Many of those opinions make clear that the defendant moved for an involuntary dismissal during trial, which would, of course, make remand for entry of such an order appropriate. See, e.g., May, 150 So. 3d at 248-49. Others do not disclose whether such a motion was made. See, e.g., Dhanik v. HSBC Bank USA, Nat'l Ass'n, 210 So. 3d 113, 115 (Fla. 2d DCA 2016). Here, it is clear that no motion for involuntary dismissal was made—Mr. Winchel's attorney was absent from the trial—and remand for an order of involuntary dismissal is thus inappropriate. See Fla. R. Civ. P. 1.420(b) (providing that a "party may move" for an involuntary dismissal); Colson v. State Farm Bank, F.S.B., 183 So. 3d 1038, 1041 (Fla. 2d DCA 2015) (stating that remand for an order of involuntary dismissal is inappropriate where no such motion was made). Mr. Winchel argues that we should remand for entry of a judgment in his favor, and because PennyMac failed to prove at trial that which it was required to prove in order to win a judgment after trial, we agree.

- 11 -

SILBERMAN and BADALAMENTI, JJ., Concur.