# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2291
Lower Tribunal No. 2023-CA-000786

_____

SEDONA LEAF, LLC,

Appellant,

v.

U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee of the LSF9 MASTER PARTICIPATION TRUST,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Heather Pinder Rodriguez, Judge.

June 19, 2026

WOZNIAK, J.

Sedona Leaf, LLC ("Sedona") appeals the summary final judgment of foreclosure rendered in favor of U.S. Bank Trust National Association, Not in Its Individual Capacity, But Solely as Trustee of LSF9 Master Participation Trust ("U.S. Bank").  Because there is a genuine issue of material fact as to U.S. Bank's standing

to seek foreclosure, the trial court erred in granting summary judgment in its favor. Accordingly, we reverse and remand for further proceedings.[1]

In 2007, Viviana Cruz executed and delivered a promissory note for $500,000 in favor of the original lender, Countrywide Bank, FSB. The note was secured by a mortgage on her Windermere property. In February 2012, MERS, as nominee of Countrywide Bank, assigned the note and mortgage to Bank of America, N.A. ("BOA"); the note itself bears a blank endorsement. During BOA's period of ownership of the note, the note was lost. Cruz defaulted on her mortgage payments in October 2012 and made no payments thereafter. In April 2014, Cruz quit-claimed the property to Sedona.

In 2023, U.S. Bank initiated the instant foreclosure action. It asserted it was acting solely as trustee of the LSF9 Master Participation Trust, but it also alleged that it had acquired ownership of the note and mortgage and had the right to enforce the lost note. It moved to re-establish the lost note pursuant to section 673.3091, Florida Statutes (2023), and sought summary judgment on its foreclosure claim. Both in its answer and in its response to the motion for summary judgment, Sedona challenged U.S. Bank's standing to pursue foreclosure, asserting that there was no record evidence showing that the lost note was ever assigned to U.S. Bank or otherwise brought within its purview to enforce.

---

[1] Sedona raises several issues on appeal; we find merit in only one.

Following a hearing for which there is no transcript, the trial court found that U.S. Bank had established its standing as owner of the loan. In so holding, the court relied on the Amended Affidavit in Support of Foreclosure and the exhibits attached thereto. The court then entered summary judgment in favor of U.S. Bank.

We review de novo the order granting summary judgment and the issue of standing. *See Cape Coral Loan Acquisitions, LLC v. 924 Del Prado, LLC*, 372 So. 3d 785, 786 (Fla. 6th DCA 2023) ("We review orders granting summary judgment . . . de novo." (citing *Brevard Cnty. v. Waters Mark Dev. Enters., LC*, 350 So. 3d 395, 399 (Fla. 5th DCA 2022))); *see also Caraccia v. U.S. Bank, Nat. Ass'n*, 185 So. 3d 1277, 1278 (Fla. 4th DCA 2016) (appellate court reviews the sufficiency of the evidence to prove standing to bring a foreclosure action de novo). Following our de novo review, we are compelled to reverse, as we explain below.

We begin by noting that, because Sedona put standing at issue, U.S. Bank was required to demonstrate a prima facie case that included its standing. *See Winchel v. PennyMac Corp.*, 222 So. 3d 639, 643 (Fla. 2d DCA 2017) ("Once put at issue by a defendant, . . . standing becomes a part of the prima facie case that a foreclosure plaintiff must prove in order to secure a judgment." (citing *Dhanik v. HSBC Bank USA, Nat'l Ass'n*, 210 So. 3d 113, 115 (Fla. 2d DCA 2016))). Summary judgment is precluded if there is a genuine issue of material fact as to a party's standing. *McLean v. JP Morgan Chase Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)

3

(in appeal from summary judgment of foreclosure, plaintiff's standing to sue turned on whether the documents filed with the court showed it had standing "without genuine issue of material fact").

U.S. Bank was admittedly not in actual possession of Cruz's note when it filed the foreclosure complaint and thus, in order to meet its burden to establish standing, it was obligated to meet the statutory requirements for re-establishment of the lost note that are set out in section 673.3091:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. . . .

*See also Bank of N.Y. Mellon v. 26 Kardok*, 367 So. 3d 512, 516 (Fla. 4th DCA 2023) (providing that party seeking to re-establish lost note must "establish who had the right to enforce the note when it was lost" and demonstrate "how the party seeking reestablishment obtained ownership") (quoting *Sabido v. Bank of N.Y. Mellon*, 241 So. 3d 865, 867 (Fla. 4th DCA 2017)).

The statutory requirements may be met "either through a lost note affidavit or by testimony from a person with knowledge." *Home Outlet, LLC v. U.S. Bank Nat'l Ass'n*, 194 So. 3d 1075, 1078 (Fla. 5th DCA 2016). In either event, it is incumbent upon the party enforcing the note to establish an unbroken chain of assignments. *Trste, LLC as Tr. of Seminole Cnty. Summit Ridge 404 106 Land Tr. v. U.S. Bank, Nat'l Ass'n*, 413 So. 3d 213, 215–16 (Fla. 5th DCA 2025) ("An unbroken chain of assignments from the original mortgagee to the party seeking to reestablish the lost note proves the party's ownership." (first citing *Wilmington Sav. Fund Soc'y v. Charm-B, Inc.*, 363 So. 3d 1119, 1122 (Fla. 2d DCA 2023) (holding that an unbroken chain of assignments satisfied the requirement that the party reestablishing the note obtain ownership from someone who had the right to enforce the note when it was lost); and then citing *Gee v. U.S. Bank Nat'l Ass'n*, 72 So. 3d 211, 213–14 (Fla. 5th DCA 2011) (holding that a bank failed to establish standing when it introduced no evidence showing how its assignor became a successor in interest to a previous holder))). U.S. Bank contended, and the trial court found, that U.S. Bank met its

burden to prove an unbroken chain of assignments via the Amended Affidavit in Support of Foreclosure and its exhibits. This was error.

The Amended Affidavit in Support of Foreclosure advanced by U.S. Bank to support its claim of standing was sworn to by Joanna Dyer, the assistant secretary of Fay Servicing, LLC. Fay Servicing, LLC is the servicer and attorney in fact for U.S. Bank. In her affidavit, Dyer made the conclusory statement that U.S. Bank owned the loan and thus possessed the right to enforce the note and mortgage. To support her statement, Dyer pointed to the following list of documents purportedly attached:

> Composite Exhibit "C" Mortgage Loan Lost Purchase Agreement, related Mortgage Loan Schedule that lists the subject loan, Trust Agreement dated July 10, 2014 between LSF9 Mortgage Holdings, LLC as Depositor, Wells Fargo Bank, NA as Certificate Registrar and Trust Paying Agent and US Bank National Association as Owner Trustee, Master Participation Agreement dated July 17, 2014 and the Notice of Sale of Ownership of Mortgage Loan dated October 23, 2015 addressed to the borrower which identifies Plaintiff as the owner of the loan.

There is no document in the record titled "Mortgage Loan Lost Purchase Agreement," and the documents that were attached to the affidavit do not demonstrate U.S. Bank's ownership or standing to enforce the loan because no document, or any combination thereof, shows that the note ever left LSF9 Mortgage Holdings, LLC's ownership or that LSF9 Mortgage Holdings, LLC placed the note into the LSF9 Master Participation Trust. Neither is there evidence of U.S. Bank's

6

actual ownership of the note, contrary to its assertion in its Amended Complaint that it owns the note. The latest transfer of ownership of the note supported by record evidence is BOA's sale of the note to LSF9 Mortgage Holdings, LLC via the Mortgage Loan Purchase and Sale Agreement.[2] From that point, there is a break in the chain.

To the extent U.S. Bank contends that the final link in the chain of assignments is provided by the Notice of Sale of Ownership of Mortgage Loan that was sent from the LSF9 Master Participation Trust to Cruz (the letter identifies the LSF9 Master Participation Trust as the purchaser of Cruz's note), U.S. Bank is incorrect. This letter, at best, is prima facie evidence only that notice was given to Cruz that her loan had been sold to the LSF9 Master Participation Trust. It, however, does not indicate *who* sold the note to the LSF9 Master Participation Trust; indeed, LSF9 Mortgage Holdings, LLC is not mentioned in the letter. *See Lewis v. US Bank Nat'l Ass'n*, 298 So. 3d 72, 76 (Fla. 4th DCA 202) ("At a minimum then, the evidence must establish *who* had the right to enforce the note when it was lost and *how* the party seeking reestablishment obtained ownership.").

---

[2] The record contains assignments of only the *mortgage* from BOA to the LSF9 Master Participation Trust and from the LSF9 Master Participation Trust to U.S. Bank, but those assignments did not carry with them Cruz's note. *See Houk v. PennyMac Corp.*, 210 So. 3d 726, 732 (Fla. 2d DCA 2017) ("The mortgage follows the assignment of the promissory note, but an assignment of the mortgage without an assignment of the debt creates no right in the assignee." (quoting *Tilus v. AS Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015))).

U.S. Bank also contends, and we also reject, that "[a]dditional documents which (ostensibly) identified Cruz's loan as being part of the Trust documents were also attached to Ms. Dyer's affidavit" and established its standing. A claim that documents "ostensibly" carried the evidentiary burden signals some level of doubt and, in this case, that doubt was warranted. The record pages to which U.S. Bank cites to support its statement of "additional documents" are two lines of the Mortgage Loan Schedule showing a redacted loan number, the property address, and balance amounts; this isolated information was attached to the Mortgage Loan Purchase and Sale Agreement between BOA and LSF9 Mortgage Holdings, LLC and has nothing to do with the LSF9 Master Participation Trust or U.S. Bank. The Mortgage Loan Purchase and Sale Agreement is not evidence that the note thereafter left LSF9 Mortgage Holdings, LLC's ownership or possession by being placed in the LSF9 Master Participation Trust or that it was transferred or conveyed to U.S. Bank.

Finally, U.S. Bank relies on the LSF9 Master Participation Agreement and the LSF9 Master Participation Trust as demonstrating its standing.

The LSF9 Master Participation Agreement shows LSF9 Master Participation Trust as the participation agent, LSF9 Mortgage Holdings, LLC as depositor, and Wells Fargo as the participation registrar. It recognizes that LSF9 Mortgage Holdings, LLC will, from time to time, acquire mortgage loans and properties, and

8

will, from time to time, transfer the mortgage loans and properties to LSF9 Master Participation Trust. While these provisions acknowledge what LSF9 Mortgage Holdings, LLC could and might do with subsequently acquired notes, there is no record evidence that LSF9 Mortgage Holdings, LLC took this action with respect to Cruz's note.

The LSF9 Master Participation Trust governs the terms of the trust, but it does not (insofar as the unredacted pages show) reflect any information about Cruz's loan. The LSF9 Master Participation Trust does have a "Certificate Register" attached that shows that LSF9 Mortgage Holdings, LLC has one certificate, with 100% interest, but nothing in the record explains that certificate or how, if at all, it is relevant to Cruz's note. U.S. Bank also looks to section 2.03(v) of the Trust, which authorizes U.S. Bank, as "owner/trustee" of the trust assets, to initiate foreclosure proceedings on behalf of a certificate holder of the trust such as LSF9 Mortgage Holdings, LLC, to demonstrate that U.S. Bank had standing. While U.S. Bank is correct that the terms of the LSF9 Master Participation Trust do give U.S. Bank that responsibility and right, the fact remains that the record does not contain documentation of the transfer of Cruz's note into the LSF9 Master Participation Trust.

U.S. Bank does not try to excuse the lack of evidence that Cruz's note was transferred out of LSF9 Mortgage Holdings, LLC's ownership or possession but rather posits that "[c]larifying information . . . may have been addressed during the

9

summary judgment proceedings, but the lack of a transcript prohibits this Court's review of that particular point." U.S. Bank states that at the hearing, its counsel "elaborated" on how U.S. Bank came to own Cruz's note, "providing further explanation" and answering the court's questions. Counsel's explanations, whatever they may have consisted of, were not evidence and thus could not have provided the missing link to establish U.S. Bank's standing. *See Kunsman v. Wall*, 125 So. 3d 868, 870 (Fla. 4th DCA 2013) ("[A]rgument of counsel does not constitute evidence." (quoting *Romeo v. Romeo*, 907 So. 2d 1279, 1284 (Fla. 2d DCA 2005))). Given the insufficiency of the record evidence of standing, that insufficiency could not properly have been cured by counsel's "elaboration" at the non-evidentiary summary judgment hearing.

In sum, U.S. Bank's evidence did not show that LSF9 Mortgage Holdings, LLC ever transferred ownership of Cruz's note, either by placing it into the LSF9 Master Participation Trust or by conveying it to U.S. Bank, and thus U.S. Bank failed to make a prima facie showing of its standing to foreclose on Cruz's note. The issue of U.S. Bank's standing is a genuine issue of material fact that precludes summary judgment. Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

SMITH and BROWNLEE, JJ., concur.

William Jeff Earnshaw, of Earnshaw Law Office, PLLC, St. Augustine, for Appellant.

Adam A. Diaz, of Diaz Anselmo & Associates, P.A., Fort Lauderdale, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED